In the Supreme Court of Georgia

Decided: February 8, 2016

S15G0866. THE STATE v. ANDRADE.

BLACKWELL, Justice.

After an Atkinson County grand jury indicted Aram Andrade for rape and burglary, he moved to suppress evidence of statements that he had made to law enforcement officers. Following a Jackson-Denno[1] hearing, and before any trial commenced, the trial court granted this motion in part, finding that one of the statements was involuntary. Seventeen days later, the State filed a notice of appeal. The Court of Appeals, however, dismissed the appeal as untimely, finding that the State had attempted to bring its appeal under OCGA § 5-7-1 (a) (5), which requires that a notice of appeal be filed within two days of the order or judgment from which the appeal is taken. See State v. Andrade, 330 Ga. App. 549 (768 SE2d 525) (2015). Contending that it instead had brought its appeal under OCGA § 5-7-1 (a) (4), pursuant to which it had thirty days to file a notice

[1] See Jackson v. Denno, 378 U. S. 368 (84 SCt 1774, 12 LE2d 908) (1964).

of appeal, the State filed a petition in our Court for a writ of certiorari. We granted the petition, and we now reverse the decision of the Court of Appeals and remand for further proceedings consistent with this opinion.

The State is permitted to take appeals in criminal cases only to the extent expressly authorized by statute. See State v. Cash, 298 Ga. 90, 91 (1) (a) (779 SE2d 603) (2015). For more than forty years, our statutory law has authorized the State to appeal from a pretrial order suppressing evidence on the ground that it was obtained unlawfully,[2] and as early as 1977, our Court of Appeals recognized that this authorization permits an appeal from an order suppressing evidence of a statement given by the accused to law enforcement on the ground that the statement was involuntary. See State v. Watson, 143 Ga. App. 785, 786-787 (2) (240 SE2d 194) (1977), overruled in part on other grounds, Strickman v. State, 253 Ga. 287, 288 (319 SE2d 864) (1984). Since then, this Court and the Court of Appeals both have looked repeatedly to this statutory authorization as a proper basis for appeals by the State from orders suppressing such evidence on the ground that it was obtained by unlawful means. See, e.g., Brown v. State,

---

[2] See Ga. L. 1973, p. 297 (State may appeal, "[i]n the case of motions made and ruled upon prior to the empanelling of a jury, from an order, decision, or judgment sustaining a motion to suppress evidence illegally seized").

290 Ga. 865, 867-868 (1) (725 SE2d 320) (2012); State v. Lynch, 286 Ga. 98, 99 (686 SE2d 244) (2009); State v. Sammons, 283 Ga. 364, 364 (659 SE2d 598) (2008); State v. Davison, 280 Ga. 84, 85 (1) (623 SE2d 500) (2005); State v. Nash, 279 Ga. 646, 648 (1) (619 SE2d 684) (2005); State v. Austin, 310 Ga. App. 814, 816, n.4 (714 SE2d 671) (2011); State v. Stone, 304 Ga. App. 695, 696, n.11 (697 SE2d 852) (2010); State v. Stanfield, 290 Ga. App. 62, 63 (1) (658 SE2d 837) (2008). Today, this statutory authorization is found in OCGA § 5-7-1 (a) (4), which provides in pertinent part that the State may appeal:

> [f]rom an order, decision, or judgment suppressing or excluding evidence illegally seized . . . in the case of motions made and ruled upon prior to the impaneling of a jury or the defendant being put in jeopardy, whichever occurs first.

When the State is entitled to take an appeal under OCGA § 5-7-1 (a) (4), it may do so by filing a notice of appeal within thirty days of the entry of the order from which the appeal is taken.[3]

---

[3] An appeal under OCGA § 5-7-1 (a) (4) is "governed by the same laws and provisions as to time and other procedures as apply to other appellants in criminal cases." OCGA § 5-7-4. Accordingly, the appeal is taken by filing a notice of appeal, OCGA § 5-6-37, and the notice must be filed within thirty days "after entry of the appealable decision or judgment complained of." OCGA § 5-6-38 (a).

Here, the State sought to appeal from an order suppressing evidence of a statement made by the accused to law enforcement on the ground that the statement was involuntary. The State filed its notice of appeal well within thirty days of the entry of that order. And the State even identified OCGA § 5-7-1 (a) (4) explicitly in its notice of appeal as the basis for its appeal. The Court of Appeals, however, concluded that the appeal was untimely. Along the way to that conclusion, the Court of Appeals explained that an appeal from an order "granting [a] motion to suppress . . . incriminating statements on the basis that the statements were involuntary" is no longer authorized by OCGA § 5-7-1 (a) (4), but now is authorized instead by OCGA § 5-7-1 (a) (5). See Andrade, 330 Ga. App. at 549 & n.1. If the Court of Appeals were right about that, it would follow that the appeal in this case was untimely, inasmuch as a notice of appeal under OCGA § 5-7-1 (a) (5) must be filed within two days of the order from which the appeal is taken. See OCGA § 5-7-1 (a) (5) (A).

Enacted in 2013, OCGA § 5-7-1 (a) (5) authorizes the State to appeal from certain pretrial orders excluding "any other evidence to be used by the state at

4

trial."[4] In a footnote to its opinion, the Court of Appeals said that the order in this case from which the State sought to appeal was one that "excludes 'other evidence' and, therefore, comes within the ambit of OCGA § 5-7-1 (a) (5)." Andrade, 330 Ga. App. at 549, n.1. That statement, however, reflects a misunderstanding of the statute. As we have explained before, when we consider the meaning of a statute, "we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would." Deal v. Coleman, 294 Ga. 170, 172-173 (1) (a) (751 SE2d 337) (2013) (citations omitted). "Other" is an adjective that distinguishes its noun head — here, "evidence" — from some antecedent. See American Heritage Dictionary (3rd ed. 1992), p. 1282 (defining "other" as "[d]ifferent from that or those implied or

_____

[4] In full, OCGA § 5-7-1 (a) (5) provides for appeals by the State:
From an order, decision, or judgment excluding any other evidence to be used by the state at trial on any motion filed by the state or defendant at least 30 days prior to trial and ruled on prior to the impaneling of a jury or the defendant being put in jeopardy, whichever occurs first, if:
    (A) Notwithstanding the provisions of Code Section 5-6-38, the notice of appeal filed pursuant to this paragraph is filed within two days of such order, decision, or judgment; and
    (B) The prosecuting attorney certifies to the trial court that such appeal is not taken for the purpose of delay and that the evidence is a substantial proof of a material fact in the proceeding[.]

specified"). The only antecedent reference in OCGA § 5-7-1 to "evidence" is in OCGA § 5-7-1 (a) (4).[5] Read in context, therefore, OCGA § 5-7-1 (a) (5) is most naturally and reasonably understood to authorize appeals from orders excluding evidence other than the evidence with which OCGA § 5-7-1 (a) (4) is concerned. Accordingly, one cannot properly determine that an appeal from an order excluding evidence must be brought pursuant to OCGA § 5-7-1 (a) (5) without first ascertaining that it could not be brought under OCGA § 5-7-1 (a) (4). And as we have explained already, for nearly forty years, both this Court and the Court of Appeals have acknowledged repeatedly that an appeal from an order suppressing a statement on the ground that it was involuntary or otherwise obtained by unlawful means is properly brought under OCGA § 5-7-1 (a) (4).

As we understand it, the Court of Appeals appears to have thought that these precedents were somehow abrogated in 2013 when the General Assembly amended OCGA § 5-7-1 to add paragraph (a) (5). But the enactment of OCGA § 5-7-1 (a) (5) did not in any way diminish the scope of OCGA § 5-7-1 (a) (4). In the first place, the 2013 legislation did not change a single word in OCGA §

---

[5] This is because OCGA § 5-7-1 (a) (1) - (3) are not concerned with appeals from orders dealing with "evidence."

6

5-7-1 (a) (4).[6] See Zaldivar v. Prickett, 297 Ga. 589, 591 (1) (774 SE2d 688) (2015) ("a statute draws its meaning from its text") (citation and punctuation omitted). Moreover, the preamble to the 2013 legislation is explicit that the Act was intended "to provide the [S]tate with *more* direct appeals rights." Ga. L. 2013, p. 222 (preamble) (emphasis supplied). See also Spalding County Bd. of Elections v. McCord, 287 Ga. 835, 837 (1) (B) (700 SE2d 558) (2010) ("[a]lthough a preamble is not a part of the act and therefore cannot control over its plain meaning, it may be considered as evidence of the meaning of an ambiguous, codified law") (citations omitted). There is nothing in the 2013 legislation that suggests any limitation of the previously settled scope of OCGA § 5-7-1 (a) (4). Indeed, even since the effective date of the 2013 legislation, our Court has continued to point to OCGA § 5-7-1 (a) (4) as a proper basis for appeals by the State from orders that suppress statements given by the accused to law enforcement officers. See, e.g., State v. Chulpayev, 296 Ga. 764, 770, n.3 (1) (770 SE2d 808) (2015).

Just as it did before the enactment of OCGA § 5-7-1 (a) (5), OCGA § 5-7-1 (a) (4) authorizes the State to take appeals from pretrial orders that suppress

---

[6] Compare Ga. L. 2013, p. 222, § 1, with Ga. L. 2006, p. 379, § 3.

or exclude "evidence on the ground that it was obtained in violation of law." Strickman, 253 Ga. at 288. A pretrial order suppressing evidence of a statement on the ground that it was involuntary is such an order. See Stanfield, 290 Ga. App. at 63 (1). An appeal from such an order is *not* authorized by OCGA § 5-7-1 (a) (5), which is concerned instead with evidence excluded on other grounds, such as evidence excluded pursuant to general rules of evidence. Cf. Lynch, 286 Ga. at 102 (2) (OCGA § 5-7-1 (a) (4) does not authorize appeal from an order excluding "evidence based upon some general rule of evidence") (citation and punctuation omitted). The Court of Appeals was mistaken when it concluded that the appeal in this case was subject to OCGA § 5-7-1 (a) (5), and it erred when it dismissed the appeal. The judgment of the Court of Appeals is reversed, and the case is remanded for the Court of Appeals to address the merits of the appeal.[7]

Judgment reversed and case remanded with direction. All the Justices concur.

---

[7] We also overrule State v. Jackson, 332 Ga. App. 356 (772 SE2d 804) (2015) – a case decided by our Court of Appeals four months after Andrade – to the extent it holds that the State has a right to appeal from an order excluding evidence of an allegedly involuntary statement under OCGA § 5-7-1 (a) (5), rather than under OCGA § 5-7-1 (a) (4).