**THIRD DIVISION**
**ELLINGTON, P. J.**
**DILLARD, P. J. and MCFADDEN, P. J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 9, 2017**

# In the Court of Appeals of Georgia

A15A1324. THE STATE v. ROSAS.

McFADDEN, Presiding Judge.

Penny Ann Rosas was indicted for one count of child molestation. She moved to suppress statements that she had made to a police officer, and the trial court granted the motion on the ground that Rosas had not been informed of her rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SCt. 1602, 16 LE2d 694) (1966). The state appealed from that order, asserting that Rosas was not in custody at the time she made the statements and therefore a *Miranda* warning was not required.

This court dismissed the appeal as untimely on the basis that it was brought under OCGA § 5-7-1 (a) (5) and consequently subject to the two-day deadline set out there. The Georgia Supreme Court has reinstated the case and remanded it to this court pursuant to *State v. Andrade*, 298 Ga. 464 (782 SE2d 665) (2016), which held

that appeals from orders suppressing statements made to a police officer are brought under OCGA § 5-7-1 (a) (4) and consequently subject to the 30-day deadline set out at OCGA § 5-6-38.

We agree with the state's assertion that Rosas was not in custody and therefore a *Miranda* warning was not required. So we reverse the trial court's order.

"The trial court determines the admissibility of a defendant's statement under the preponderance of the evidence standard considering the totality of the circumstances. Although we defer to the trial court's findings of disputed facts, we review de novo the trial court's application of the law to the facts." *Clay v. State*, 290 Ga. 822, 822-823 (1) (725 SE2d 260) (2012) (citations and punctuation omitted).

In the instant case, the arresting officer was the only witness at the suppression hearing and he testified that at about 3:30 on the afternoon of May 30, 2009, he was dispatched to Rosas' house to arrest her pursuant to an outstanding arrest warrant. Upon arriving at the location, the officer saw Rosas and the alleged victim's mother standing at the front door of the house. The officer approached them and asked Rosas, "Do you know why we are here?" Rosas stated, "I guess I must have touched him," and said that she had gotten into bed with the alleged victim to console him. The officer subsequently arrested Rosas and took her to jail.

After the evidentiary hearing, the trial court ordered that Rosas' statements be suppressed. In so ruling, the court found that the officer's question was designed to elicit an incriminating response, that "the statements were custodial in nature," and that Rosas "should have been apprised of her *Miranda* rights." This appeal followed.

> A person is considered to be in custody and *Miranda* warnings are required when a person is (1) formally arrested or (2) restrained to the degree associated with a formal arrest. Unless a reasonable person in the suspect's situation would perceive that [she] was in custody, *Miranda* warnings are not necessary. Thus, the relative inquiry is how a reasonable person in [the suspect's] position would perceive [her] situation.

*State v. Folsom*, 286 Ga. 105, 107-108 (1) (686 SE2d 239) (2009) (citations and punctuation omitted). "In other words, the inquiry properly focuses upon the objective circumstances attending the particular interrogation at issue, and not upon the subjective views of either the person being interrogated or the interrogating officer." *Sosniak v. State*, 287 Ga. 279, 280 (1) (A) (1) (695 SE2d 604) (2010) (citation and punctuation omitted).

Pretermitting the issue of whether the officer's question rose to the level of an interrogation, it is clear that Rosas had not been formally arrested or restrained to a degree associated with formal arrest at the time she made the statements. Rather, the uncontradicted evidence shows that the officer approached Rosas as she stood at the

door of her house, did not tell her she was under arrest, did not place her in handcuffs, and did not indicate that she was not free to leave. While the officer's approach and question may have indicated that Rosas was a criminal suspect, "[e]ven a clear statement from an officer that the person under interrogation is a prime suspect is not, in itself, dispositive of the custody issue, for some suspects are free to come and go until the police decide to make an arrest." *Hodges v. State*, 265 Ga. 870, 872 (2) (463 SE2d 16) (1995) (citation and punctuation omitted). Indeed, "[a] person is not entitled to *Miranda* warnings as a matter of right, even though that person is a suspect, unless that person ha[s] been taken into custody or has been deprived of freedom of action in another significant way." *Moses v. State*, 264 Ga. 313, 314 (1) (444 SE2d 767) (1994) (citations omitted).

Because Rosas had not been formally arrested or deprived of her freedom of action in any other significant way when the officer posed a question as she stood near the door of her house, a reasonable person in her situation would not have perceived that she was in custody and therefore a *Miranda* warning was not required. See *Beckwith v. United States*, 425 U. S. 341, 347 (96 SCt. 1612, 48 LE2d 1) (1976) (suspect questioned by investigators in a private residence was not "in the custodial situation described by the *Miranda* court"); *Woods v. State*, 242 Ga. 277, 281 (2) (248

4

SE2d 612) (1978) (defendant was not in custody or in a coercive environment at the time she was questioned by a detective in his automobile at a trailer court); *Wilburn v. State*, 230 Ga. 675, 679-680 (2) (198 SE2d 857) (1973) (no in-custody interrogation where defendant's statements were made to police officers talking to him in the yard of his home); *Carroll v. State*, 208 Ga. App. 316, 317 (2) (430 SE2d 649) (1993) (defendant interviewed by detective in her home "not in a custodial situation" under *Miranda*). Accordingly, the trial court erred in suppressing Rosas' statements on the basis of *Miranda* since the statements were "admissible as . . . statement[s] made prior to any in-custody interrogation." *Hardeman v. State*, 252 Ga. 286, 288 (1) (313 SE2d 95) (1984) (citation omitted).

*Judgment reversed. Ellington, P. J., and Dillard, P. J., concur.*