**THIRD DIVISION**
**ELLINGTON, P. J.,**
**ANDREWS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 14, 2018**

# In the Court of Appeals of Georgia

A17A1753. THE STATE v. BATTLE.

ANDREWS, Judge.

Alexander Darelle Battle was indicted for fourteen criminal offenses arising out of a June 20, 2015 armed robbery.[1] Prior to the trial of those offenses, the state filed this direct appeal pursuant to OCGA § 5-7-1 (a) (5) from the trial court's order excluding evidence the state sought to have admitted at trial showing that Battle committed crimes, wrongs, or acts other than the charged offenses. For the following reasons, we (1) vacate the trial court's order in part and remand, and (2) dismiss the appeal in part.

---

[1] The indictment charged Battle with one count of armed robbery; three counts of aggravated assault; three counts of unlawful use or possession of a sawed-off shotgun; five counts of possession of a firearm during the commission of a felony; one count of second degree burglary; and one count of wearing a mask to conceal his identity.

1. We first address the state's right to bring a direct appeal pursuant to OCGA § 5-7-1 (a) (5). Under OCGA § 5-7-1 (a) (5), the state is authorized in a criminal case to file a direct appeal from the trial court's

> order, decision, or judgment excluding any *other evidence* to be used by the state at trial on any motion filed by the state or defendant at least 30 days prior to trial and ruled on prior to the impaneling of a jury or the defendant being put in jeopardy, whichever occurs first, if: (A) Notwithstanding the provisions of Code Section 5-6-38, the notice of appeal filed pursuant to this paragraph is filed within two days of such order, decision, or judgment; and (B) The prosecuting attorney certifies to the trial court that such appeal is not taken for purpose of delay and that the evidence is a substantial proof of a material fact in the proceeding.

(emphasis supplied).

Read in context with OCGA § 5-7-1 (a) (4), the "other evidence" referred to in OCGA § 5-7-1 (a) (5) "is most naturally and reasonably understood to authorize appeals from orders excluding evidence other than the evidence with which OCGA § 5-7-1 (a) (4) is concerned." *State v. Andrade*, 298 Ga. 464, 466 (782 SE2d 665) (2016). Under OCGA § 5-7-1 (a) (4), the state is authorized to file a direct appeal from the trial court's order, decision, or judgment

> suppressing or excluding evidence illegally seized or excluding the results of any test for alcohol or drugs in the case of motions made and ruled upon prior to the impaneling of a jury or the defendant being put in jeopardy, whichever occurs first.

2

"Accordingly, one cannot properly determine that an appeal from an order excluding evidence must be brought pursuant to OCGA § 5-7-1 (a) (5) without first ascertaining that it could not be brought under OCGA § 5-7-1 (a) (4)." *Andrade*, 298 Ga. at 466.

The record shows that, pursuant to OCGA § 24-4-404 (b), the state filed a notice in advance of trial informing the defense of the general nature of evidence the State intended to introduce at trial showing "other crimes, wrongs or acts" committed by Battle: to wit, armed robbery, aggravated assault with intent to rob, and possession of a firearm during the commission of a crime, all occurring on or about June 25, 2015, five days after the charged offenses.[2]

Under OCGA § 24-4-404 (b),

> [e]vidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Evidence of other crimes, wrongs, or acts relevant under OCGA § 24-4-404 (b) may, nevertheless, be excluded by the court

---

[2] OCGA § 24-4-404 (b) further provides that: "The prosecution in a criminal proceeding shall provide reasonable notice to the defense in advance of trial, unless pretrial notice is excused by the court upon good cause shown, of the general nature of any such evidence it intends to introduce at trial."

if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

OCGA § 24-4-403. To determine the admissibility of other acts evidence under OCGA §§ 24-4-404 (b) and 24-4-403, the trial court exercises its discretion under a three-part test:

> [I]n order to be admissible, the State must make a showing that: (1) evidence of extrinsic, or other, acts is relevant to an issue other than a defendant's character, see [OCGA § 24-4-404 (b)]; (2) the probative value of the other acts evidence is not substantially outweighed by its unfair prejudice, i.e., the evidence must satisfy the requirements of [OCGA § 24-4-403]; and (3) there is sufficient proof so that the jury could find that the defendant committed the act in question.

*State v. Jones*, 297 Ga. 156, 158-159 (773 SE2d 170) (2015). Because a pre-trial appeal from an order excluding evidence sought to be admitted pursuant to OCGA § 24-4-404 (b) could not be brought pursuant to the provisions of OCGA § 5-7-1 (a) (4), it follows that any such appeal must be brought pursuant to OCGA § 5-7-1 (a) (5). See *Andrade*, 298 Ga. at 466.

As set forth above, the state's right to appeal under OCGA § 5-7-1 (a) (5) is from an "order, decision, or judgment excluding any other evidence to be used by the state at trial on *any motion filed by the state or defendant* at least 30 days prior to trial

4

and ruled on prior to the impaneling of a jury or the defendant being put in jeopardy, whichever occurs first. . ." (emphasis supplied).[3] This provides a right to appeal from an order excluding evidence on a written pre-trial motion filed by the state or the defendant. There is no evidence in the record that the state filed any pre-trial motion seeking an order on the admissibility of evidence pursuant to OCGA § 24-4-404 (b). Rather, as set forth above, the state filed the pre-trial notice required by OCGA § 24-4-404 (b) notifying the defense that the state would seek at trial to introduce other crimes, wrongs, or acts independent of or extrinsic to the charged offenses. Prior to the adoption of OCGA § 24-4-404 (b) in the new Evidence Code, a pre-trial hearing to address the admissibility of this evidence was required under former Uniform Superior Court Rule 31.3. *Everhart v. State*, 337 Ga. App. 348, 351-352 (786 SE2d 866 (2016). But OCGA § 24-4-404 (b), which contains no provision for a mandatory pre-trial hearing, eliminated the former requirement for a pre-trial hearing. Id. Nevertheless, the record shows that a pre-trial hearing was scheduled, and that, at some point during the hearing, the trial court considered the state's notice as a motion

---

[3] It is undisputed that the trial court's ruling occurred prior to impaneling of a jury or the defendant being put in jeopardy. Moreover, the state's appeal from the court's order denying the motion was brought within two days of the order and with the prosecuting attorney's certification to the trial court as required by OCGA § 5-7-1 (a) (5) (A) and (B).

filed by the state at least 30 days prior to trial seeking a pre-trial ruling on the admissibility of evidence under OCGA § 24-4-404 (b). Although the trial court was not required to treat the notice as a motion filed under OCGA § 5-7-1 (a) (5), we find under these circumstances that the state complied with the provisions of the statute requiring that any appeal be taken from an order on a motion filed by the state or the defendant.

After the hearing, the trial court entered an order which denied the state's motion brought pursuant to OCGA § 24-4-404 (b), and also ruled against the state's contention, asserted for the first time at the hearing, that the evidence of other crimes, wrongs, or acts was admissible because it was "intrinsic" to or "intertwined" with the charged offenses. Admissibility of evidence under OCGA § 24-4-404 (b) deals with other crimes, wrongs, or acts "extrinsic" to the charged offense. *Jones*, 297 Ga. at 158 n.1.

> [OCGA § 24-4-404 (b)] only relates to 'other' crimes, wrongs, or acts that are 'independent' of or 'extrinsic' to the charged offense. If the other crime, wrong, or act is 'intrinsic' to the charged offense or 'inextricably intertwined' with it, it is admissible under [OCGA § 24-4-401]. Such evidence was called part of the *res gestae* of the offense under the [rules in effect prior the new Evidence Code adopted in 2013].

Paul Milich, Courtroom Handbook On Georgia Evidence, I8, Independent Crimes or Acts (2017 ed.), April 2017 update, available at Westlaw GAHANDEVIDI8. The trial court addressed the state's intrinsic evidence argument and ruled that the alleged others acts evidence was not admissible on this basis because the other acts were not intrinsic to the charged offenses. To the extent the state appealed pursuant to OCGA § 5-7-1 (a) (5) from the court's ruling excluding intrinsic evidence, we dismiss the appeal. The state's pre-trial notice, considered by the trial court as a motion seeking admission of other acts evidence, was brought pursuant to OCGA § 24-4-404 (b) and related only to other crimes, wrongs, or acts independent of or extrinsic to the charged offenses. The state filed no pre-trial motion seeking admission of other acts evidence on the basis that they were intrinsic to or inextricably intertwined with the charged offenses. Under OCGA § 5-7-1 (a) (5), the state was authorized to appeal from the trial court's "order, decision, or judgment excluding any other evidence to be used by the state at trial *on any motion filed by the state or defendant at least 30 days prior to trial . . .*" (Emphasis supplied). Because no pre-trial motion was filed raising this evidentiary issue, the state was not authorized under OCGA § 5-7-1 (a) (5) to file a direct appeal from the trial court's ruling in response to the state's oral argument on the issue.

2. The state contends the trial court erred by entering a pre-trial order excluding other crimes, wrongs, or acts the state sought to admit at trial pursuant to OCGA § 24-4-404 (b).

When the pre-trial hearing commenced, the trial court informed the prosecutor that the court did not have a "404 (b)" motion and asked if one had been filed. The prosecutor informed the court that, although the court's calendar referred to a "404 (b) motion," there was no such motion and that the state's position was that the other crimes, wrongs, or acts evidence was admissible because "it's intrinsic evidence in the case so that is not subject to a 404 (b) analysis." Without any written motion filed, or any prior notice given to the defense, the trial court allowed the prosecutor to proceed on an oral motion for the admissibility of intrinsic evidence.

At that point, the prosecutor made a proffer in support of the state's oral intrinsic evidence motion by stating "in her place" the evidence that the state expected to introduce at the trial, as follows: The evidence was expected to show that the charged offenses arose from an armed robbery at a Domino's Pizza restaurant by two masked men, one of whom was carrying a sawed-off shotgun. The prosecutor stated that, the state "believe[s] that Mr. Battle was carrying and possessed [the shotgun.]," and that the shotgun had silver duct tape wrapped around the stock.

8

According to the prosecutor, other evidence was expected to show the following unindicted acts: Five days after the charged offenses, two masked men committed an armed robbery at a residence. One of the men was carrying a sawed-off shotgun matching the description of the shotgun used by the masked robbers in the charged offenses. One of the victims at the residence was expected to testify that, even though the robbers were wearing masks, the victim, who knew Battle from school, recognized Battle as one of the robbers by his eyes, his voice, and his physical build. Evidence was expected to show that a search of Battle's residence pursuant to warrant produced a matching shotgun found in a shed behind the residence. The state presented no witnesses in support of the proffer, and the defense made no objection to the prosecutor's statement "in her place" as the means to establish the proffer in support of the state's intrinsic evidence motion.

After the prosecutor concluded the proffer and made supporting argument, the trial court responded that evidence showing that a matching shotgun was found at Battle's residence was admissible, but that evidence showing Battle subsequently committed another crime was not admissible as intrinsic evidence. The trial court also informed the prosecutor that, to the extent the state might seek at trial to show pursuant to OCGA § 24-4-404 (b) that Battle committed another crime with the

9

shotgun, the state would be required to file a pre-trial notice pursuant to 404 (b). The prosecutor then told the court that "I believe there is [a 404 (b) notice]. I wanted to go ahead and proceed since the Court had sounded the case; I didn't realize you didn't have it." According to the prosecutor, she "thought that maybe I didn't have one here because I believe it to be intrinsic." At that point, the prosecutor provided the trial court with a copy of a pre-trial notice pursuant to OCGA § 24-4-404 (b) which the record showed was filed and served about three months prior to the hearing.

At the prosecutor's request, the trial court then allowed the state to present argument to the court that other crimes, wrongs, or acts evidence was also admissible pursuant to OCGA § 24-4-404 (b) for purposes of opportunity, preparation, plan, motive, and intent. After the prosecutor concluded her argument, the trial court gave defense counsel the opportunity to present evidence or argument in response. The trial court subsequently entered an order ruling that the proffered other acts evidence: (1) was not admissible as evidence intrinsic to the charged offenses; and (2) was not admissible as extrinsic evidence under OCGA § 24-4-404 (b) because "the State offered no evidence, other than the State's self-serving declaration of what the State expected the other acts evidence to be, from which the Court could sufficiently

10

identify the masked perpetrator as being the Defendant for purposes of § 404 (b) analysis."[4]

The trial court's pre-trial ruling that other acts evidence was not admissible at trial as extrinsic evidence pursuant to OCGA § 24-4-404 (b) was based on the court's conclusion that the state's proffer of evidence was not sufficient to establish a prima facie case from which the court, as the trier of fact, could conclude that Battle committed the other act in question. *Jones*, 297 Ga. at 158-159. The prosecutor proffered evidence by stating "in her place" the testimony she expected the victim of the other armed robbery to give at trial identifying Battle as one of the robbers. The trial court found this proffer insufficient on the basis that it was merely a "self-serving declaration" of testimonial evidence the state expected to produce at trial. But the prosecutor's "in her place" proffer of expected evidence was not merely a self-serving declaration. "Attorneys are officers of the court and a statement to the court in their

---

[4] In effect, the state sought by motion in limine to obtain a pre-trial ruling on the admissibility of other acts evidence. See *Whitehead v. State*, 287 Ga. 242, 247 (695 SE2d 255) (2010). In considering a pre-trial motion in limine on this issue, the trial court may defer any ruling until trial, issue a conditional ruling, or make a definitive ruling admitting or excluding evidence. *State v. Johnston*, 249 Ga. 413, 415 (291 SE2d 543) (1982); *Anthony v. State*, 298 Ga. 827, 831-832 (785 SE2d 277) (2016); OCGA § 24-1-103 (a); see Paul S. Milich, Courtroom Handbook on Georgia Evidence, M5, Motions in Limine, April 2017 Update, available at Westlaw GAHANDEVIDM5.

place is prima facie true and needs no further verification *unless the same is required by the court or the opposite party.*" *Anthony v. State*, 298 Ga. 827, 830 (785 SE2d 277) (2016) (citations and punctuation omitted; emphasis in original). Nothing in the record shows that the trial court required any further verification. "'Where counsel makes statements in [his or her] place, they may be received without verification unless the same is required by the opposing party at the time.'" *Rank v. Rank*, 287 Ga. 147, 149 (695 SE2d 13) (2010) (quoting *Caldwell v. McWilliams*, 65 Ga. 100, 101 (1880)); *In re Singleton*, 323 Ga. App. 396, 406 (744 SE2d 912) (2013) (attorney's "in his place" proffer to the court at hearing taken to be prima facie true unless opposing counsel requires verification at the time the proffer is made). Accordingly, in the absence of a timely objection when the evidentiary proffer was made to the trial court, the prosecutor's "in her place" proffer during the hearing "will be treated on appeal as the equivalent of evidence." *Rank v. Rank*, 287 Ga. 147, 149 (695 SE2d 13) (2010). Conversely, a timely objection when the proffer is made insisting that the state prove the admissibility of other acts under OCGA § 24-4-404 (b) with traditional evidence, would establish that "the statements-in-place by [the prosecutor] were not a proper substitute for [traditional] evidence at the hearing" and would require further verification. *Anthony*, 298 Ga. at 830.

12

For the above reasons, we conclude that the trial court erred by finding that the prosecutor's "in her place" proffer in support of the state's OCGA § 24-4-404 (b) motion provided insufficient proof that Battle committed the other acts solely on the basis that the proffer was a self-serving declaration. Nevertheless, we find under the circumstances that the trial court's ruling on the state's 404 (b) motion must be vacated and the case remanded for reconsideration of the 404 (b) motion. First, the trial court's erroneous conclusion that the proffer was a self-serving declaration, and thus insufficient to show Battle committed the other act, precluded the court from reaching the remaining merits of the state's 404 (b) motion. Second, the procedure followed by the state in presenting the 404 (b) motion at the hearing had the effect of depriving defense counsel of a fair opportunity to make a timely objection to the prosecutor's use of the "in her place" proffer when it was made in support of the 404 (b) motion. As set forth above, when the hearing commenced, the prosecutor represented to the court that the state's only contention was that the other acts evidence was admissible as evidence "intrinsic" to the charged offenses, and that there was no motion and no issue with respect to admissibility of other acts "extrinsic" evidence pursuant to OCGA § 24-4-404 (b). With the hearing in this posture, the prosecutor made a proffer by stating "in her place" the evidence the state

13

expected to show in support of its motion for admission of the intrinsic evidence. Defense counsel made no objection to the prosecutor's proffer made for this purpose. Only after the state made the proffer and gave supporting argument did the prosecutor finally inform the trial court that the state also intended to use the proffer to support an additional motion for the admission of the other acts pursuant to OCGA § 24-4-404 (b) as "extrinsic" to the charged offenses. The trial court sanctioned this unusual procedure by allowing the state to proceed with argument in support of the 404 (b) motion. Since the proffer had already been made, the procedure had the effect of depriving defense counsel of an opportunity to timely object to this use of the proffer when it was made. Accordingly, the trial court's ruling on the state's 404 (b) motion is vacated. On remand, the trial court is directed: (1) to give defense counsel an opportunity to object to the prosecutor's proffer in support of the 404 (b) motion and to require verification by use of traditional evidence at the hearing, and (2) to reconsider the merits of the state's 404 (b) motion in accordance with this opinion.

*Judgment vacated in part and case remanded. Appeal dismissed in part. Ellington, P. J., and Rickman, J., concur*.

14