**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**August 15, 2023**

# In the Court of Appeals of Georgia

A22A0489. THE STATE v. WHITMAN.

DILLARD, Presiding Judge.

The State appeals from the trial court's order suppressing Marty Dustin Whitman's refusal to finish a horizontal gaze nystagmus test or perform additional field-sobriety tests during a traffic stop for suspected driving under the influence of alcohol.[1] Specifically, the State argues the trial court erred in granting the motion to

---

[1] This case was initially transferred to the Supreme Court of Georgia because it implicated that court's exclusive jurisdiction over constitutional questions. *See* Order, Case No. A22A0489 (June 6, 2022). But our Supreme Court returned the case to this Court after concluding "the issue that supported the transfer . . . has now been resolved" by *Ammons v. State*, 315 Ga. 149 (880 SE2d 544) (2022). *See* Order, Case No. S22A1095 (Jan. 19, 2023).

exclude evidence of Whitman's refusals. But because we lack jurisdiction, we do not reach the merits and instead dismiss this appeal.[2]

In every case, this Court must first consider whether it has jurisdiction to reach the issues argued on appeal.[3] And here, Whitman moved to dismiss this appeal on the ground that we lack such jurisdiction, asserting the State improperly brought its appeal under OCGA § 5-7-1 (a) (4) when it was required to do so under OCGA § 5-7-1 (a) (5).[4] We agree.

---

[2] Oral argument was held in this case on February 1, 2022, and is archived on the Court of Appeals of the State of Georgia's website. See Court of Appeals of the State of Georgia, Oral Argument, Case No. A22A0489 (February 1, 2022), available at https://vimeo.com/672873724. A second oral argument was then held on June 21, 2023, after the case was transferred back to this Court from the Supreme Court of Georgia, and is archived on the Court of Appeals of the State Georgia's website. See Court of Appeals of the State of Georgia, Oral Argument, Case No. A22A0489 (June 21, 2023), available at https://vimeo.com/839732700.

[3] *See, e.g.*, *State v. Wheeler*, 310 Ga. 72, 74 (1) (849 SE2d 401) (2020) ("It is well established that this Court has a duty to inquire into its jurisdiction to entertain each appeal and review the alleged errors of the trial court." (punctuation omitted)); *State v. Petty*, 362 Ga. App. 825, 827 (870 SE2d 241) (2022) (same).

[4] Although Whitman filed a motion to dismiss the State's appeal on this basis in the trial court, no such motion was filed before this Court when the case was first docketed in October 2021; and as explained in note 1 *supra*, we then transferred the case to the Supreme Court of Georgia. As a result, this is our first opportunity to address the question of this Court's jurisdiction. And in any event, a court's lack of subject-matter jurisdiction "cannot be waived and may be raised at any time either in the trial court, in a collateral attack on a judgment, or in an appeal." *State v. Fed. Def.*

As recognized by our Supreme Court, the right of the State to appeal in criminal cases is derived statutorily from OCGA § 5-7-1 (a), *not* from the Georgia Constitution.[5] And when we interpret statutory language, we necessarily begin our analysis with "familiar and binding canons of construction."[6] So, in considering the meaning of a statute, our charge is to "presume that the General Assembly meant what it said and said what it meant."[7] Toward that end, we must afford the statutory

---

*Program, Inc.*, 315 Ga. 319, 343 (3) (f) (882 SE2d 257) (2022) (punctuation omitted); *see State v. Rowe*, 308 Ga. 806, 809 (2) (a) (843 SE2d 537) (2020) (explaining that OCGA § 5-7-1 "limits the subject matters that may be appealed by the State of Georgia in criminal cases" (punctuation omitted)); *State v. Cash*, 298 Ga. 90, 91 (1) (a) (779 SE2d 603) (2015) (explaining that "the State may not appeal *any* issue in a criminal case, whether by direct or discretionary appeal, unless that issue is listed in OCGA § 5-7-1" (punctuation omitted)).

[5] *Wheeler*, 310 Ga. at 74 (1); *see State v. Arroyo*, 315 Ga. 582, 583 (883 SE2d 781) (2023) ("OCGA § 5-7-1 (a) establishes the universe of appeals the State is permitted to seek in criminal cases, and thus appellate courts do not have jurisdiction to entertain an appeal filed by the State in a criminal case that falls outside the ambit of that provision." (punctuation omitted)).

[6] *Monumedia II, LLC v. Dep't of Transp.*, 343 Ga. App. 49, 51 (1) (806 SE2d 215) (2017) (punctuation omitted); *accord Holcomb v. Long*, 329 Ga. App. 515, 517 (1) (765 SE2d 687) (2014); *In the Interest of L. T.*, 325 Ga. App. 590, 591 (754 SE2d 380) (2014).

[7] *Monumedia II, LLC*, 343 Ga. App. at 51-52 (1) (punctuation omitted); *accord Deal v. Coleman*, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013); *Holcomb*, 329 Ga. App. at 517 (1); *Martinez v. State*, 325 Ga. App. 267, 273 (2) (750 SE2d 504) (2013).

text its plain and ordinary meaning,[8] consider the text contextually,[9] read the text "in its most natural and reasonable way, as an ordinary speaker of the English language would,"[10] and seek to "avoid a construction that makes some language mere

---

[8] *Holcomb*, 329 Ga. App. at 517 (1); *accord Deal*, 294 Ga. at 172 (1) (a); *see Tibbles v. Teachers Retirement Sys. of Ga.,* 297 Ga. 557, 558 (1) (775 SE2d 527) (2015) ("A statute draws its meaning, of course, from its text." (punctuation & citation omitted)); *Chan v. Ellis*, 296 Ga. 838, 839 (1) (770 SE2d 851) (2015) (same); *State v. Able*, 321 Ga. App. 632, 636 (742 SE2d 149) (2013) ("A judge is charged with interpreting the law in accordance with the original and/or plain meaning of the text at issue (and all that the text fairly implies) . . . ."); *Singletary v. State*, 310 Ga. App. 570, 572 (713 SE2d 698) (2011) ("In construing these statutes, we apply the fundamental rules of statutory construction that require us to construe the statutes according to their terms, [and] to give words their plain and ordinary meaning . . . ." (punctuation omitted)).

[9] *Monumedia II, LLC*, 343 Ga. App. at 52 (1); *see Arizona v. Inter Tribal Council of Ariz., Inc.*, 570 U.S. 1, 10 (II) (B) (133 SCt 2247, 186 LE2d 239) (2013) (Scalia, J.) ("Words that can have more than one meaning are given content, however, by their surroundings." (punctuation omitted)); *Deal*, 294 Ga. at 172 (1) (a) ("[W]e must view the statutory text in the context in which it appears[.]"); *Hendry v. Hendry*, 292 Ga. 1, 3 (1) (734 SE2d 46) (2012) (same); *In the Interest of L. T.*, 325 Ga. App. at 592 (same); *Martinez*, 325 Ga. App. at 273 (2) (same); *see also* OCGA § 1-3-1 (b) ("In all interpretations of statutes, the ordinary signification shall be applied to all words . . . ."); *Tibbles*, 297 Ga. at 558 (1) ("The common and customary usages of the words are important, but so is their context." (punctuation & citation omitted)); *Scherr v. Marriott Int'l, Inc.*, 703 F3d 1069, 1077 (II) (C) (2) (7th Cir. 2013) (Manion, J.) ("In statutory construction cases, we begin with the language of the statute itself and the specific context in which that language is used." (citation & punctuation omitted)).

[10] *Monumedia II, LLC*, 343 Ga. App. at 52 (1) (punctuation omitted); *accord Deal*, 294 Ga. at 172-73 (1) (a); *Holcomb*, 329 Ga. App. at 518 (1).

4

surplusage."[11] Simply put, when the language of a statute is "plain and susceptible of only one natural and reasonable construction, courts must construe the statute accordingly."[12]

Here, looking to the statutes in question, OCGA § 5-7-1 (a) (4) permits an appeal by the State in two instances. First, the State may appeal from "an order, decision, or judgment suppressing or excluding evidence *illegally seized.*"[13] And in the second instance, the State may appeal from "an order, decision, or judgment . . . excluding the *results of any test for alcohol or drugs* in the case of motions made and

---

[11] *Monumedia II, LLC*, 343 Ga. App. at 52 (1) (punctuation omitted); *accord In the Interest of L.T.*, 325 Ga. App. at 592; *Holcomb*, 329 Ga. App. at 518 (1).

[12] *Monumedia II, LLC*, 343 Ga. App. at 52 (1) (punctuation omitted); *accord Holcomb*, 329 Ga. App. at 518 (1); *Luangkhot v. State*, 292 Ga. 423, 424 (1) (736 SE2d 397) (2013), *superseded by statute on other grounds as recognized by Estrada-Nava v. State*, 332 Ga. App. 133 (771 SE2d 28) (2015); *see Deal*, 294 Ga. at 173 (1) (a) ("[I]f the statutory text is clear and unambiguous, we attribute to the statute its plain meaning, and our search for statutory meaning is at an end." (punctuation omitted)).

[13] OCGA § 5-7-1 (a) (4) (emphasis supplied); *see, e.g.*, *State v. Andrade*, 298 Ga. 464, 466 (782 SE2d 665) (2016) ("[A]s we have explained already, for nearly forty years, both this Court and the Court of Appeals have acknowledged repeatedly that an appeal from an order suppressing a statement on the ground that it was involuntary or otherwise obtained by unlawful means is properly brought under OCGA § 5-7-1 (a )(4)."), *abrogated on other grounds as recognized by State v. Rosenbaum*, 305 Ga. 442 (826 SE2d 18) (2019).

ruled upon prior to the impaneling of a jury or the defendant being put in jeopardy, whichever occurs first[.]"[14] On the other hand, OCGA § 5-7-1 (a) (5) permits the State to appeal—subject to certain time limitations—"an order, decision, or judgment excluding *any other evidence to be used by the state at trial* on any motion filed by the state or defendant at least 30 days prior to trial and ruled on prior to the impaneling of a jury or the defendant being put in jeopardy, whichever occurs first[.]"[15] Put another way, OCGA § 5-7-1 (a) (5) permits appeals from orders "excluding evidence other than the evidence with which OCGA § 5-7-1 (a) (4) is concerned."[16]

In this case, although the State brings this appeal under OCGA § 5-7-1 (a) (4), Whitman claims it was required to do so under OCGA § 5-7-1 (a) (5). So, we must first consider whether the State's appeal satisfies the criteria delineated in OCGA §

---

[14] OCGA § 5-7-1 (a) (4) (emphasis supplied).

[15] OCGA § 5-7-1 (a) (5) (emphasis supplied).

[16] *State v. Petty*, 362 Ga. App. 825, 828-29 (870 SE2d 241) (2022) (punctuation omitted); *see Andrade*, 298 Ga. at 467 ("An appeal from . . . an order [suppressing evidence of an involuntarily given statement] is not authorized by OCGA § 5-7-1 (a) (5), which is concerned instead with evidence excluded on other grounds, such as evidence excluded pursuant to general rules of evidence."), *abrogated on other grounds as recognized by Rosenbaum*, 305 Ga. 442.

6

5-7-1 (a) (4)—which is to be strictly construed *against* the State.[17] And because the State does not contend this case concerns illegally obtained evidence, our focus will instead be limited to whether it is appealing the exclusion of "the results of any test for alcohol or drugs."

The relevant order below notes that Whitman sought "to exclude evidence of his *refusal* to perform the Field Sobriety Tests,"[18] and the trial court ultimately concluded that this refusal was inadmissible because "admission of [the] *refusal* to perform the Field Sobriety Tests would violate [Whitman's] state constitutional right against self-incrimination."[19] The court's order, then, did not exclude "the *results* of any test for alcohol or drugs" but rather the *refusal* to undergo tests.[20] As a result,

---

[17] *See Johnson v. State*, 304 Ga. 369, 373 (2) (818 SE2d 601) (2018) ("OCGA § 5-7-1 et seq. must be construed strictly against the State and [forgivingly] in favor of the interests of defendants." (punctuation omitted)); *State v. Outen*, 289 Ga. 579, 581 (714 SE2d 581) (2011) (same); *see also Cash*, 298 Ga. at 91 (1) (a) ("Appeals by the State in criminal cases are construed strictly against the State . . . ." (punctuation omitted)).

[18] (Emphasis supplied).

[19] (Emphasis supplied).

[20] *Cf. Petty*, 362 Ga. App. at 829-30 ("The June order from which the State appeals did not suppress any evidence, but instead concluded that if [the defendant] pursued a certain area of inquiry during cross-examination, the inquiry would not open the door to the admission of [the defendant's] breath test refusal. . . .

under the plain language of the statute, the State cannot appeal the trial court's ruling under OCGA § 5-7-1 (a) (4) because it is not the type of evidentiary exclusion encompassed by the right to appeal in that statutory provision.[21]

Accordingly, as OCGA § 5-7-1 (a) (4) does not authorize appeal from an order which, where as here, excludes evidence based upon some general rule of evidence, the State cannot pursue an appeal of the June order under that provision.").

[21] *See State v. Rosenbaum*, 305 Ga. 442, 448 (1) (826 SE2d 18) (2019) (concluding that State properly brought appeal under OCGA § 5-7-1 (a) (4) when court excluded evidence as having been *illegally obtained* in violation of defendant's constitutional rights); *State v. Turnquest*, 305 Ga. 758, 759 (827 SE2d 865) (2019) (noting that trial court granted motion to suppress *results* of a breath test on the basis that the test was unlawfully performed in the absence of *Miranda* warnings and noting that State appealed under OCGA § 5-7-1 (a) (4)); *Andrade*, 298 Ga. at 467 ("Just as it did before the enactment of OCGA § 5-7-1 (a) (5), OCGA § 5-7-1 (a) (4) authorizes the State to take appeals from pretrial orders that suppress or exclude evidence on the ground that it was obtained in violation of law. A pretrial order suppressing evidence of a statement on the ground that it was involuntary is such an order." (citation & punctuation omitted)), *abrogated on other grounds as recognized by Rosenbaum*, 305 Ga. 442; *State v. Holt*, 334 Ga. App. 610, 614 (1) (780 SE2d 44) (2015) (denying motion to dismiss when State's appeal to the exclusion of *results* of DUI tests conducted without *Miranda* warnings was properly brought under OCGA § 5-7-1 (a) (4)); *State v. Tuten*, 223 Ga. App. 475, 475 (478 SE2d 138) (1996) (considering appeal of exclusion of blood-alcohol test *results* on the basis that machine was not approved in accordance with administrative procedures). *But see Awad v. State*, 313 Ga. 99, 100 (1) (868 SE2d 219) (2022) (considering trial court's grant of motion to suppress evidence of defendant's refusal to provide a urine sample for chemical testing, and noting that State immediately appealed, citing OCGA § 5-7-1 (a) (4)—but *not* addressing any question regarding jurisdiction).

In sum, because the plain language of OCGA § 5-7-1 (a) (4) does not permit the State to appeal the exclusion of a defendant's refusal to engage in field-sobriety tests (rather than the exclusion of the *results* of such tests), the State was required to file its appeal under OCGA § 5-7-1 (a) (5), which it did not do.[22] As a result, we dismiss this appeal for lack of jurisdiction.[23]

*Appeal dismissed. Rickman and Pipkin, JJ., concur*.

[22] *See State v. Battle*, 344 Ga. App. 565, 566 (1) (812 SE2d 1) (2018) ("Read in context with OCGA § 5-7-1 (a) (4), the 'other evidence' referred to in OCGA § 5-7-1 (a) (5) is most naturally and reasonably understood to authorize appeals from orders excluding evidence other than the evidence with which OCGA § 5-7-1 (a) (4) is concerned." (punctuation omitted)); *accord Andrade*, 298 Ga. at 466, *abrogated on other grounds as recognized by Rosenbaum*, 305 Ga. 442.

[23] Both parties were ably represented by counsel in a case chock full of novel issues, including the jurisdictional issue ultimately addressed by the Court in this opinion.