**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: April 8, 2025

S25A0208.  THE STATE v. BRANTLEY.

PETERSON, Chief Justice.

The State appeals an order excluding incriminating phone calls Barron Brantley made while incarcerated in jail before his trial; the State brings that appeal under OCGA § 5-7-1 (a) (4). As an initial matter, we conclude that our unchallenged precedent permits the State to appeal this order under OCGA § 5-7-1 (a) (4). And on the merits, the trial court made two errors. It erred in holding that the District Attorney's access to the recorded calls violated Brantley's state and federal rights to privacy, because our precedent makes clear Brantley had no reasonable expectation of privacy in recorded jail calls not made to counsel. And the trial court also erred in holding that Brantley's equal protection rights were violated when compared to nonincarcerated people; Brantley is incarcerated, and

so is not similarly situated to such people, and the State has a rational basis to treat him differently. We reverse.

1. Brantley is charged with malice murder, felony murder, aggravated assault, false imprisonment, concealing a death, rape, and aggravated sexual battery in connection with the sexual assault and murder of Alexis Janaé Crawford. While awaiting trial, Brantley was incarcerated in the Fulton County jail, where he made multiple incriminating statements to others on the jail phones. None of the calls were to his attorney. The jail phones are monitored and recorded by the Fulton County Sheriff's Office, and an automated message at the beginning of each call informed Brantley that his calls were monitored and recorded. The Fulton County District Attorney's Office reviewed Brantley's calls and sought to use three calls at trial.

Three weeks before his scheduled trial, Brantley filed a "motion in limine to exclude jail telephone calls" arguing that the use of the calls by the District Attorney's Office violated the Due Process and Equal Protection Clauses of the Fourteenth

2

Amendment to the United States Constitution and the right to privacy in the Georgia Constitution and under the Fourth Amendment to the United States Constitution. Brantley also argued that the calls should be excluded because they referenced inadmissible evidence, such as Brantley's prior criminal history, Brantley's previous statements to police, and news media reports.

Following a hearing, the trial court granted Brantley's motion to exclude the jail phone calls, reasoning that the District Attorney's Office's "acquisition" of, and "access" to, Brantley's jail phone calls violated his federal equal protection rights and right to privacy under the federal and state constitutions. The State filed a timely notice of appeal, citing OCGA § 5-7-1 (a) (4) as the statutory basis for its appeal.

2. As a preliminary matter, we address Brantley's argument that the State's appeal should be dismissed because (1) the State is not authorized to appeal under OCGA § 5-7-1 (a) (4) and (2) it failed to comply with the requirements of OCGA § 5-7-1 (a) (5). "The State's right to appeal in criminal cases is derived from Georgia's statutory

law," specifically OCGA § 5-7-1 (a). *State v. Wheeler*, 310 Ga. 72, 74 (1) (849 SE2d 401) (2020). OCGA § 5-7-1 (a) (5) provides that the State may appeal

> [f]rom an order, decision, or judgment excluding any other evidence to be used by the state at trial on any motion filed by the state or defendant at least 30 days prior to trial and ruled on prior to the impaneling of a jury or the defendant being put in jeopardy, whichever occurs first, if:
>
> > (A) Notwithstanding the provisions of Code Section 5-6-38, the notice of appeal filed pursuant to this paragraph is filed within two days of such order, decision, or judgment; and
> >
> > (B) The prosecuting attorney certifies to the trial court that such appeal is not taken for purpose of delay and that the evidence is a substantial proof of a material fact in the proceeding[.]

The State did not comply with the requirements of subsection (a) (5)[1] and instead asserts that its notice of appeal is proper under subsection (a) (4). Because unchallenged precedent supports the State's argument, we agree.

---

[1] Because Brantley's motion in limine was filed less than 30 days before the trial's scheduled start date, the State's appeal of the order granting that motion would not be permitted under OCGA § 5-7-1 (a) (5). Additionally, the State did not include the certifications required by OCGA § 5-7-1 (a) (5) (B).

4

OCGA § 5-7-1 (a) (4) provides that the State may appeal "[f]rom an order, decision, or judgment suppressing or excluding evidence illegally seized . . . in the case of motions made and ruled upon prior to the impaneling of a jury or the defendant being put in jeopardy, whichever occurs first[.]" This Court repeatedly has held that subsection (a) (4) authorizes the State to appeal from orders suppressing or excluding evidence on the basis that "it was obtained by unlawful means." See *State v. Andrade*, 298 Ga. 464, 464-465 (782 SE2d 665) (2016) (collecting cases), disapproved on other grounds by *State v. Rosenbaum*, 305 Ga. 442, 448 n.11 (1) (826 SE2d 18) (2019); *Strickman v. State*, 253 Ga. 287, 288 (319 SE2d 864) (1984) (holding that an order granting a motion "to exclude evidence on the ground that it was obtained in violation of law" is appealable under the materially identical predecessor to OCGA § 5-7-1 (a) (4)).

It seems doubtful that, as a textual matter, the statutory right to appeal from an order suppressing or excluding evidence illegally "seized" extends to appealing an order suppressing or excluding evidence on the basis that it was illegally "obtained." See, e.g.,

*Andrade*, 298 Ga. at 464-465 (holding that OCGA § 5-7-1 (a) (4) authorizes an appeal of an order suppressing a defendant's statement as involuntary). But our controlling case law is clear on this point, Brantley does not ask us to reconsider this precedent, and stare decisis considerations might well warrant retaining it even if we did reconsider it. See *Allen v. State*, 310 Ga. 411, 421 (6) (851 SE2d 541) (2020) ("'Even those who regard stare decisis with something less than enthusiasm recognize that the principle has even greater weight where the precedent relates to interpretation of a statute.'" (quoting *Etkind v. Suarez*, 271 Ga. 352, 358 (5) (519 SE2d 210) (1999))). Accordingly, we faithfully apply it here.

The trial court order in this case excluded the jail phone calls on the basis that the District Attorney's Office unlawfully "acqui[red]" and "access[ed]" — i.e., obtained — those calls. Thus, the State was permitted to appeal under subsection (a) (4). See *Anderson v. State*, 267 Ga. 116, 116-117 (1) (475 SE2d 629) (1996) (holding that the State's appeal of an order suppressing incriminating phone conversations "on the basis that the taped

6

conversations were published to the agent and republished to other IRS officials in violation of" the wiretap statute was appealable under the predecessor to OCGA § 5-7-1 (a) (4)). See also *Andrade*, 298 Ga. at 464-465 (holding that the State is authorized to appeal from an order suppressing a statement as involuntary under OCGA § 5-7-1 (a) (4)). Because the State's appeal was authorized under subsection (a) (4), it was not required to appeal under subsection (a) (5). See *Andrade*, 298 Ga. at 466 (holding that the State is required to bring its appeal under subsection (a) (5) only if the appeal "could not be brought under" subsection (a) (4)).

3. We now turn to the trial court's ruling on Brantley's motion in limine. The trial court excluded Brantley's jail phone calls on the basis that the use of the calls at trial violated Brantley's reasonable expectation of privacy under the Fourth Amendment to the United States Constitution and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. We reverse the trial court's order.

(a) First, the trial court erred in concluding that the Sheriff's

practice of sharing jail phone calls with the District Attorney's Office

violated the Fourth Amendment.[2] In *Preston v. State*, 282 Ga. 210

(647 SE2d 260) (2007), we unequivocally held that there is no

reasonable expectation of privacy in a jail phone call (at least when

the call was not with counsel). Id. at 214 (4) (considering calls with

the defendant's mother). See also *Keller v. State*, 308 Ga. 492, 497

(2) (b) (842 SE2d 22) (2020) (holding that the defendant did not have

a reasonable expectation of privacy in a jail phone call made to his

ex-wife and thus counsel's failure to file a motion to suppress the jail

phone calls was not deficient performance). Because pretrial

detainees do not have a reasonable expectation of privacy in their

jail phone calls, the Sheriff's practice of sharing recorded calls with

the District Attorney's Office and the use of those calls at trial does

---

[2] Because neither the parties nor the trial court distinguished Brantley's federal privacy claim from his state privacy claim and because Brantley does not argue that the Georgia Constitution provides more protections than the United States Constitution in this context, we limit our analysis to a pretrial detainee's expectation of privacy under the Fourth Amendment to the United States Constitution. See *Regan v. State*, 317 Ga. 612, 612 n.2 (894 SE2d 584) (2023) (declining to consider the defendant's equal protection claims under the Georgia Constitution where neither the defendant nor the trial court distinguished between the defendant's claims under the federal and state Constitutions).

not violate the Fourth Amendment.

Brantley does not challenge *Preston*'s holding but suggests there is an exception. Citing several cases, Brantley argues that when a search is initiated solely for the purpose of bolstering the prosecution's case against the pretrial detainee, the detainee retains a limited expectation of privacy. See *Davis v. State*, 307 Ga. 625, 631 (3) (837 SE2d 817) (2020) (citing *Leslie v. State*, 301 Ga. 882, 887 (3) (804 SE2d 351) (2017); *State v. Henderson*, 271 Ga. 264 (517 SE2d 61) (1999)). But here, Brantley concedes that the recording served a legitimate security measure, and he points to no evidence that the recording was done solely for the purpose of uncovering incriminating evidence that could be used against him. Nevertheless, Brantley argues that the "sharing" of his calls with the District Attorney's Office violated his Fourth Amendment rights. Not so. Once Brantley talked to a third-party on the jail's recorded phone system, he "necessarily risked" that this information would be disclosed to law enforcement. See *United States v. White*, 401 U.S. 745, 751 (91 SCt 1122, 28 LE2d 453) (1971). See also *Smith v.*

9

*Maryland*, 442 U.S. 735, 740 (99 SCt 2577, 61 LE2d 220) (1979) (The Supreme Court has "consistently . . . held that a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties."). In short, our precedent directly on point about jail calls applies, and it requires us to conclude that Brantley, who was explicitly warned that his calls would be monitored and recorded, did not have a "reasonable expectation of privacy in the calls he placed . . . from jail." *Preston*, 282 Ga. at 214 (4).

(b) Second, the trial court erred in concluding that recording Brantley's jail phone calls for use at trial violated the Equal Protection Clause of the Fourteenth Amendment. Specifically, the trial court reasoned that, unlike a defendant who is in custody, a defendant who is out on bond "has the ability to call his family and friends without his calls being monitored by the State" absent a wiretap warrant; thus, the trial court concluded that, because Brantley was treated differently than a defendant who is out on bond, the State's access to Brantley's jail phone calls violated his equal protection rights.

The Equal Protection Clause requires that "similarly situated persons be treated alike[.]" See *Regan v. State*, 317 Ga. 612, 616 (3) (b) (894 SE2d 584) (2023). Although it prohibits classifications that fail to promote a legitimate state purpose, the Equal Protection Clause does not forbid all classifications. See id. at 616-617 (3) (b). Thus, to prevail on an equal protection challenge, a claimant must demonstrate that the classification scheme at issue "bears no rational relationship to a legitimate government interest," when, as is the case here, the claimant is not a member of a suspect class and a fundamental right is not at stake.[3] See *Reyes v. State*, 318 Ga. 340, 345-346 (2) (a) (i) − (ii) (898 SE2d 473) (2024) (citation and punctuation omitted).

Here, the trial court erred; a nonincarcerated defendant is not similarly situated to an incarcerated defendant as relevant to Brantley's claims here. And the State's differing treatment is rationally related to a legitimate purpose, namely maintaining jail

---

[3] Brantley does not argue on appeal that he is a member of a suspect class or that the State's practice of recording incarcerated defendants' phone calls implicates a fundamental right.

security. Accordingly, recording Brantley's jail phone calls for use at trial does not violate the Equal Protection Clause. We reverse the trial court's order. On remand, the trial court should consider the remaining grounds Brantley raised for excluding portions of his jail calls to the extent that Brantley still asserts those grounds and the trial court has not yet reached them.

*Judgment reversed. Warren, PJ, and Bethel, Ellington, McMillian, LaGrua, Colvin, and Pinson, JJ, concur.*