**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT.  ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 29, 2021**

# In the Court of Appeals of Georgia

A21A0333. BENTFORD v. THE STATE.

DOYLE, Presiding Judge.

Maurice Bentford was indicted for rape, two counts of aggravated child molestation, and two counts of child molestation. The State filed a notice of intent to present evidence of other crimes under OCGA §§ 24-4-404 (b) and 24-4-413, and Bentford responded, arguing that the evidence should be excluded. After a hearing, the trial court ruled in favor of the State, but granted Bentford a certificate of immediate review. This Court granted Bentford's application for interlocutory review, and Bentford now appeals, arguing that the trial court erred by finding that the evidence of other crimes or acts was admissible. For the reasons that follow, we vacate and remand with direction.

The record shows that Bentford was accused of various crimes stemming from his alleged sexual assault of six-year-old C. T. between June and September 2017. Bentford previously had a relationship with C. T.'s mother and lived with the mother and C. T. until about September 2017. C. T. told her mother that Bentford had come into her bedroom at night, pulled down her pants, and rubbed his penis on her private area. At a later forensic interview, C. T. further disclosed that Bentford had raped her, attempted to insert his penis into her anus, and put his penis in her mouth. She also alleged that he kissed her on the mouth.

Bentford denied the allegations, maintaining that the mother of C. T. fabricated the story about him assaulting C. T. because he refused to continue a romantic relationship with the mother and had been unfaithful, fathering a child with the mother and a child with another woman with whom he had an affair.

*2007 Incident*

As part of the other act evidence, the State proffered that in 2007, Bentford grabbed 16-year-old K. W., who lived in his apartment complex, dragged her to his apartment, where he attempted to rape her by removing her clothing and touching her vagina, stopping the assault when she started to cry. Bentford originally was charged

2

with kidnapping, false imprisonment, and rape, and in 2009, he pleaded guilty to aggravated assault with intent to commit rape.

*2018 Incident*

The State also proffered that in 2018, Bentford was living temporarily with his aunt, who went to work, occasionally leaving ten-year-old K. C. (Bentford's cousin) at home with Bentford. K. C. stated that while her mother was at work at night, Bentford would come into her room and put his hands down her pants and touch her vagina, each time giving her a dollar not to tell anyone. The case was still under investigation at the time of the hearing, but a forensic interview had been conducted of K. C.

With respect to the 2007 acts, the State proffered that at trial it would call K. W. and the lead detective in her case to testify, as well as present a certified copy of the conviction. With respect to the 2018 acts, the State would present testimony from K. C., Bentford's aunt, and the investigating detective. In its other acts notice, the State maintained that it had served on Bentford witness statements, police reports, lists of witnesses, copies of indictments or accusations, and recordings of interviews with C. T. and K. W.

3

After a bond hearing at which the State made the above proffers concerning the other acts, the trial court entered an order finding that evidence of the 2007 and 2018 incidents was admissible under OCGA § 24-4-404 (b) for the purpose of showing intent and also was admissible under OCGA § 24-4-413 as sexual assaults. Although Bentford objected at the hearing to the State's "in his place" proffer of evidence of the 2007 and 2018 incidents instead of witness testimony and documentary evidence and filed a supplemental brief further objecting on this basis, the trial court did not address the objection in its order or at the hearing.

On appeal, this Court reviews a trial court's decision to admit "other acts evidence for a clear abuse of discretion," construing the record "in the light favorable to the factual findings and judgment of the trial court."[1]

1. Bentford first argues that the 2018 incident is not admissible under OCGA § 24-4-413. We disagree.

The State maintained that the outcry was still under investigation as a sexual battery, but the victim alleged that the defendant would "put his hands down the pants and touch the vagina." Touching of the child's vagina constitutes sexual battery under

_____

[1] (Citations and punctuation omitted.) *State v. Watson*, 354 Ga. App. 263, 267 (2) (840 SE2d 641) (2020).

4

OCGA § 16-6-22.1, which would make it admissible under OCGA § 24-4-413 (d) (1), and the description also meets the requirements of OCGA § 24-4-413 (d) (2), which allows the admission of "[a]ny crime that involves contact, without consent, between any part of the accused's body or an object and the genitals or anus of another person."[2]

2. Bentford also argues that the trial court abused its discretion by finding that the incidents were admissible to show his intent, and instead, they simply serve as introduction of bad character evidence. We disagree.

Bentford argued at the hearing that the mother had fabricated the instant allegations against him because she was upset that he was no longer involved with her romantically and had fathered a child with another woman while she was pregnant with his child. Thus, the other act evidence was necessary for the State to rebut this argument, and the trial court did not abuse its discretion in so finding.[3]

---

[2] See OCGA § 24-4-413 (d) (2). See, e.g., *McAllister v. State*, 351 Ga. App. 76, 77-82 (1) (830 SE2d 443) (2019) (explaining the differences in admission of evidence under OCGA § 24-4-413 and OCGA § 24-4-404 (b)). We note that Bentford does not argue that the 2007 incident does not constitute an admissible act under OCGA § 24-4-413.

[3] See *Olds v. State*, 299 Ga. 65, 71-72 (2) (786 SE2d 633) (2016) (other acts evidence admissible under OCGA § 24-4-404 (b) to establish intent); *McAllister*, 351 Ga. App. at 84 (1) (c) (addressing admission of other acts under OCGA § 24-4-413).

3. Bentford also argues that the trial court abused its discretion by ruling that evidence from the 2007 and 2018 incidents was admissible because he had objected to the State's use of an "in his place" proffer to support its contention that Bentford committed the acts and that they were admissible at trial.

> Attorneys are officers of the court[,] and a statement to the court in their place is prima facie true and needs no further verification unless the same is required by the court or the opposite party. If counsel makes statements in [his] place, they may be received without verification unless the same is required by the opposing party at the time. . . . [But] a timely objection when the proffer is made insisting that the [S]tate prove the admissibility of other acts under OCGA § 24-4-404 (b) with traditional evidence . . . would establish that the statements-in-place by the prosecutor were not a proper substitute for traditional evidence at the hearing and would require further verification.[4]

The trial court did not rule explicitly on Bentford's objection to the State's "in his place" proffer and request for presentation of actual evidence. At that stage of the proceedings, the trial court erred by failing to address Bentford's objection. Accordingly, we vacate the order and remand in order for the trial court to assess Bentford's objection to the State's "in his place" proffer and thereafter reconsider the

---

[4] (Citations, punctuation, and emphasis omitted.) *State v. Battle*, 344 Ga. App. 565, 570-571 (2) (812 SE2d 1) (2018).

State's motion to admit other acts evidence. Accordingly, the order is vacated and the case is remanded.[5]

4. Finally, Bentford contends that whether the other acts were admitted under OCGA § 24-4-413 or OCGA § 24-4-404 (b), the trial court erred by failing to perform the necessary balancing test under OCGA § 24-4-403, which argument he raised in his response brief and at the hearing. The trial court took the matter under advisement at the hearing and did not address the balancing test in its order.[6] Thus, because we have vacated the order and are remanding for further proceedings in Division 3, we also remand for application of the Rule 403 balancing test to the extent the trial court failed to do so.

*Judgment vacated and case remanded with direction. Reese and Brown, JJ., concur.*

---

[5] See *Battle*, 344 Ga. App. at 570-571 (2). Compare *Britton v. State*, 329 Ga. App. 689, 701-702 (2) (766 SE2d 106) (2014) (explaining that this Court has "previously rejected the argument that such a pre-trial procedure is erroneous when a defendant has the opportunity to cross-examine similar-transaction witnesses at trial").

[6] See *McAllister*, 351 Ga. App. at 81-87 (1) (a)-(d) (applying OCGA § 24-4-403 to admission of evidence under OCGA § 24-4-413).