310 Ga. 72
FINAL COPY

S20A0758.  THE STATE v. WHEELER.

WARREN, Justice.

In the early morning hours of March 15, 2017, a fire broke out in a unit of the Venetian Hills apartment complex, resulting in the death of tenant George Hughes.  Police investigated the fire, identified Kamara Wheeler as an arson suspect, and on March 18, 2017, arrested her on an unrelated warrant.  When officers interviewed Wheeler about the apartment fire, she admitted that she started it.[1] She was then indicted by a Fulton County grand jury for one count of malice murder, one count of felony murder predicated on arson, and four counts of arson in the first degree.

Wheeler's trial was scheduled to begin on September 3, 2019. On January 17, 2019, the State provided Wheeler with a "Notice of

---

[1] Because no trial has been held in this case, the above facts are gleaned from police and fire department incident reports, witness statements, and the trial court's order denying the State's Rule 404 (b) "motion," which is discussed in more detail below.

Intent to Present Evidence of Other Acts," and an amended notice

on August 13, 2019, indicating that it intended to offer evidence

under OCGA § 24-4-404 (b) ("Rule 404 (b)")[2] of three prior instances

in which Wheeler set or attempted to set a fire as proof of her motive

and intent in this case.  The State also filed the notice and amended

notice with the trial court.  It is not clear from the record whether

the State also filed a separate motion related to the Rule 404 (b)

evidence it intended to offer,[3] but the record shows that the trial

---

[2] OCGA § 24-4-404 (b) provides:
Evidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. The prosecution in a criminal proceeding shall provide reasonable notice to the defense in advance of trial, unless pretrial notice is excused by the court upon good cause shown, of the general nature of any such evidence it intends to introduce at trial. Notice shall not be required when the evidence of prior crimes, wrongs, or acts is offered to prove the circumstances immediately surrounding the charged crime, motive, or prior difficulties between the accused and the alleged victim.

[3] As explained more in Division 4 below, to comply with the requirements of OCGA § 5-7-1 (a) (5), the State must appeal from a qualifying trial court order "excluding . . . evidence to be used by the state at trial on any *motion* filed by the state . . . at least 30 days prior to trial" (emphasis supplied), in addition to satisfying the requirements set out in subsections (a) (5) (A) and (a)

2

court held a hearing on August 26, 2019, at which the parties made presentations on the Rule 404 (b) issue. After the hearing, the trial court denied what it called the "State's 404 (b) motion" on September 3, 2019. The State now appeals from that order under OCGA § 5-7-1 (a) (5), arguing that the trial court abused its discretion in denying the motion because it omitted key facts from its analysis and misapplied the three-part test governing the admissibility of "other acts" evidence under Rule 404 (b). But we do not reach the merits of those claims. As explained below, we hold that the timing and

(5) (B). Although a Rule 404 (b) notice filed with a trial court may be construed as such a motion, trial courts are "not required to treat [a Rule 404 (b)] notice as a motion filed under OCGA § 5-7-1 (a) (5)." *State v. Battle*, 344 Ga. App. 565, 567-568 (812 SE2d 1) (2018).

Here, even if the State's Rule 404 (b) notices were construed as motions made under OCGA § 5-7-1 (a) (5), there is still a question about whether the State's amended notice was filed timely because it was filed on August 13, less than 30 days before the then-scheduled September 3 trial. And if its Rule 404 (b) notices were *not* construed as § 5-7-1 (a) (5) motions, then the State's failure to comply with paragraph (a) (5) would serve as an independent basis for dismissing the State's appeal. But we need not resolve those questions because — as explained below in Division 5 — we dismiss the State's appeal for failing to comply with the paragraph (a) (5) (B) certification requirement. However, because the trial court ruled on the State's Rule 404 (b) evidence and styled its order as an "Order Denying State's 404 (b) Motion," we refer to the State's 404 (b) "motion" in this opinion, notwithstanding the lack of clarity as to whether the State's Rule 404 (b) notices qualified as motions under OCGA § 5-7-1 (a) (5).

3

certification requirements set forth in OCGA § 5-7-1 (a) (5) are jurisdictional, and that because the State failed to comply with OCGA § 5-7-1 (a) (5) (B), we lack jurisdiction to hear the State's appeal. We therefore dismiss it.

1. *Legal Background.*

It is well established that "[t]his Court has a duty to inquire into its jurisdiction to entertain each appeal and review the alleged errors of the trial court." *Pounds v. State*, 309 Ga. 376, 377 (846 SE2d 48) (2020) (citation and punctuation omitted). The State's right to appeal in criminal cases is derived from Georgia's statutory law, not from its Constitution. See *State v. Martin*, 278 Ga. 418, 418-419 (603 SE2d 249) (2004). The State is authorized to appeal in criminal cases under OCGA § 5-7-1 (a).[4]

OCGA § 5-7-1 (a) sets forth the various circumstances under

[4] Before 1973, Georgia law did not provide for appeals by the State in criminal cases. See *Martin*, 278 Ga. at 419. See also Ga. L. 1973, p. 297 (now codified, as amended, at OCGA § 5-7-1 et seq.). And before 2013, when the General Assembly added current paragraph (a) (5) to OCGA § 5-7-1, the State had no right to appeal a pre-trial ruling excluding evidence based on general evidentiary rules. See *State v. Rosenbaum*, 305 Ga. 442, 448 n.9 (826 SE2d 18) (2019).

4

which the State may file an appeal, including, for example, from an order dismissing an indictment, § 5-7-1 (a) (1); sustaining a plea in bar, § 5-7-1 (a) (3); suppressing or excluding illegally seized evidence, § 5-7-1 (a) (4); or excluding the State's evidence at trial under certain conditions, § 5-7-1 (a) (5).[5]  Because § 5-7-1 (a) establishes the universe of appeals the State is permitted to seek in criminal cases, "'[i]f the State attempts an appeal outside the ambit of OCGA § 5-7-1 (a), the appellate courts do not have jurisdiction to entertain it.'" *State v. Outen*, 289 Ga. 579, 580 (714 SE2d 581) (2011) (quoting *State v. Evans*, 282 Ga. 63, 64 (646 SE2d 77) (2007)).

Generally speaking, "except as otherwise provided" in the chapter of the Georgia Code authorizing the State to appeal in criminal cases, appeals taken by the State under § 5-7-1 (a) are "governed by the same laws and provisions as to time and other procedures as apply to other appellants in criminal cases."  OCGA

---

[5] Under OCGA § 5-7-2 (a), the State is generally required to obtain a certificate of immediate review from the trial judge to take an interlocutory appeal in a criminal case.  However, OCGA § 5-7-2 (b) provides an exception to this requirement for appeals taken under OCGA § 5-7-1 (a) (1), (4), (5), and (7).

§ 5-7-4.  For example, the usual 30-day deadline for filing a notice of appeal established in OCGA § 5-6-38 applies to every type of appeal the State files under OCGA § 5-7-1 (a) for which a more specific deadline is not provided—including for nine of the ten paragraphs contained in § 5-7-1 (a).

OCGA § 5-7-1 (a) (5), however, imposes several distinctive requirements, including a much shorter deadline for filing a notice of appeal:

> (a)  An appeal may be taken by and on behalf of the State of Georgia . . . in the following instances:
>
> . . .
>
> (5)   From an order, decision, or judgment excluding any other evidence to be used by the state at trial on any motion filed by the state or defendant *at least 30 days prior to trial* and ruled on prior to the impaneling of a jury or the defendant being put in jeopardy, whichever occurs first, *if*:
>
>> (A)   Notwithstanding the provisions of Code Section 5-6-38, the notice of appeal filed pursuant to this paragraph is filed *within two days* of such order, decision, or judgment; *and*
>>
>> (B)   The prosecuting attorney *certifies to the trial court that such appeal is not taken for purpose of delay* and that the evidence is a substantial proof of a material fact in the proceeding[.]

6

OCGA § 5-7-1 (a) (5) (emphasis supplied).  Thus, § 5-7-1 (a) (5) permits the State to appeal from a trial court order excluding evidence so long as the relevant motion was filed "at least 30 days prior to trial" and ruled on before the earlier of the jury being impaneled or the defendant being put in jeopardy, *and* the notice of appeal is filed within two days of entry of the order, *and* the prosecuting attorney certifies that (among other things) the appeal is "not taken for purpose of delay."

2. *Procedural Background.*

Here, the trial court denied the State's Rule 404 (b) motion on September 3, 2019.  Between August 30 and September 5, the State filed one premature notice of appeal and three amended notices of appeal.[6]  Each invoked OCGA § 5-7-1 (a) (3), which permits the State

---

[6] The State filed its first premature notice of appeal on the morning of August 30, 2019, after the trial court notified the parties by e-mail that it intended to deny the State's motion to admit the Rule 404 (b) evidence.  The State then filed a premature amended notice of appeal that afternoon and a second premature amended notice of appeal on September 3, 2019, before the trial court entered its order.  On September 5, two days after the trial court entered its order, the State filed a third amended notice of appeal.

7

to appeal from an order "sustaining a plea or motion in bar," even though the order the State appealed from pertained to the exclusion of evidence, and thus should have been appealed at that stage under paragraph (a) (5). On January 22, 2020, more than four months after the trial court issued its order denying the State's Rule 404 (b) motion, the prosecuting attorney filed for the first time a § 5-7-1 (a) (5) (B) certification in the trial court, attesting that the appeal was "not taken for purpose of delay and that the evidence [was] substantial proof of a material fact in the trial of the case." She did so notwithstanding the fact that the State's initial (premature) notice of appeal and the three amended notices that followed invoked § 5-7-1 (a) (3) and not § 5-7-1 (a) (5). Then, on February 10, 2020, in its fourth amended notice of appeal (i.e., on its fifth attempt), the State clarified that it actually sought to appeal the trial court's September 3, 2019 order under § 5-7-1 (a) (5). At that point, over five months had passed since the trial court issued its order denying the State's Rule 404 (b) motion, and the State's notice of appeal (which was actually its third amended notice of appeal)

8

invoking § 5-7-1 (a) (3) had been docketed in this Court almost three weeks earlier.

3. *The Requirements Contained in OCGA § 5-7-1 (a) (5) Are Jurisdictional.*

Given the multiple requirements laid out in the text of OCGA § 5-7-1 (a) (5), and in light of the State's multiple erroneous filings in this case, a critical question is whether the § 5-7-1 (a) (5) requirements are jurisdictional. For the reasons explained below, we hold that the requirements set forth in § 5-7-1 (a) (5) — a statute that permits interlocutory review — are jurisdictional and must be satisfied to confer jurisdiction on an appellate court.

To properly invoke this Court's jurisdiction, a party must comply with the statutory provisions authorizing it to appeal. See *Fulton County v. State*, 282 Ga. 570, 570 (651 SE2d 679) (2007) (noting that "the rules of appellate procedure prescribing the conditions under which the judgment of the trial court may be considered appealable" are jurisdictional) (citation and punctuation omitted). We have emphasized the importance of timeliness with

9

respect to filing notices of appeal, calling it an "absolute requirement." See, e.g., *Gable v. State*, 290 Ga. 81, 82 (720 SE2d 170) (2011) ("[C]ompliance with the statutory deadline for filing a notice of appeal is an 'absolute requirement' to confer jurisdiction on an appellate court."). See also *Spurlock v. Dept. of Human Resources*, 286 Ga. 512, 525 (690 SE2d 378) (2010) (Nahmias, J., concurring specially) ("Our appellate courts have no jurisdiction over an untimely application.").

It is also well established that statutory requirements for interlocutory review are jurisdictional. See *Duke v. State*, 306 Ga. 171, 171-172 (829 SE2d 348) (2019) (dismissing an application for interlocutory review because appellant failed to obtain a certificate of immediate review from the trial court as required by OCGA § 5-6-34 (b)). See also *Islamkhan v. Khan*, 299 Ga. 548, 550-552 (787 SE2d 731) (2016) (holding that a notice of appeal filed from an interlocutory order in a divorce action, without first complying with the statutory procedures for interlocutory appeals set forth in OCGA § 5-6-34 (b), had no legal effect). Moreover, the statutory

requirements a party must satisfy to obtain a certificate of immediate review under OCGA § 5-7-2 are similarly stringent to those set out in § 5-7-1 (a) (5), and we have repeatedly held that obtaining a certificate of immediate review within ten days of entry of the relevant trial court order is a jurisdictional requirement. See, e.g., *Duke*, 306 Ga. at 186 (dismissing an application for interlocutory review when appellant failed to obtain certificate of immediate review).

Like the different types of appeals discussed above, OCGA § 5-7-1 (a) (5) "prescrib[es] the conditions under which the judgment of the court may be considered appealable." *Fulton County*, 282 Ga. at 570 (citation and punctuation omitted). See also *Spivey v. Nalley*, 212 Ga. 810, 810 (96 SE2d 260) (1957) ("The provisions of the law respecting the procedure to be followed in perfecting appeals to this court are jurisdictional. . . ."). Given our treatment of notices of appeal and similar statutory requirements as jurisdictional in other statutes, and particularly considering our treatment of statutory requirements for interlocutory appeals as jurisdictional, we see no

11

principled basis for concluding that the requirements set forth in OCGA § 5-7-1 (a) (5) are anything other than jurisdictional in nature. As a result, we next make clear exactly what jurisdictional requirements § 5-7-1 (a) (5) (A) and (B) set forth.

4. *What Jurisdictional Requirements Does OCGA § 5-7-1 (a) (5) Impose?*

(a) *OCGA § 5-7-1 (a) (5) (A).*

At the outset, we note that OCGA § 5-7-1 (a) (5) is focused on timeliness, and indeed on expedition. Unlike the nine other paragraphs contained in § 5-7-1 (a), paragraph (a) (5) includes multiple specific timing requirements, including that the State must file an appeal from a qualifying trial court order "excluding any other evidence to be used by the state at trial on any motion filed by the state or defendant *at least 30 days prior to trial* and ruled on prior to the impaneling of a jury or the defendant being put in jeopardy, *whichever occurs first*[.]"[7] Id. (emphasis supplied). Also

---

[7] As discussed in footnote 3 above, it is unclear whether the motion-filing deadline was met in this case, but we resolve the appeal on another ground.

12

unlike the other nine paragraphs, which under OCGA § 5-6-38 (a) allow the State to file a notice of appeal within 30 days of entry of the relevant trial court order, the State's appeal under paragraph (a) (5) may be taken *only if* the notice of appeal is filed "within two days of such order[.]"[8]  Compare OCGA § 5-6-38 (a) with § 5-7-1 (a) (5) (A).  We therefore conclude that the two-day deadline for filing a notice of appeal, which is expressly set forth in the text of § 5-7-1 (a) (5) (A), is a jurisdictional requirement the State must satisfy to comply with § 5-7-1 (a) (5).

(b)   *OCGA § 5-7-1 (a) (5) (B).*

An appeal under OCGA § 5-7-1 (a) (5) is also predicated on a requirement contained in paragraph (a) (5) (B).  See § 5-7-1 (a) (5) (an appeal may be taken from a qualifying trial court order "*if. . .* (A) . . . the notice of appeal . . . is filed within two days of such order . . . *and*" (B) the State makes the proper certification) (emphasis

---

[8] The text of OCGA § 5-7-1 (a) (5) (A) provides that notices of appeal "filed *pursuant to this paragraph*" must be filed within two days of the relevant trial court order.  (Emphasis supplied.)  Viewed as a whole, the context of the statute makes clear that "this paragraph" references only § 5-7-1 (a) (5) (A) and not the entirety of § 5-7-1 (a).

supplied).  Specifically, the prosecuting attorney must certify to the trial court that any appeal under that paragraph "is not taken for purpose of delay and that the evidence is a substantial proof of a material fact in the proceeding[.]"  OCGA § 5-7-1 (a) (5) (B).  We hold that, like the two-day notice of appeal requirement set forth in § 5-7-1 (a) (5) (A), the certification requirement set forth in § 5-7-1 (a) (5) (B) is also jurisdictional.

Notably, however, the text of paragraph (a) (5) (B) — unlike the text of paragraph (a) (5) (A) — does not impose an express deadline for the State to make that certification.  That raises the question of whether the State's paragraph (a) (5) (B) certification must be made by the same two-day deadline required of a paragraph (a) (5) (A) notice of appeal.  For the reasons explained below, we hold that the paragraph (a) (5) (B) certification must be filed before or with the paragraph (a) (5) (A) notice of appeal to satisfy OCGA § 5-7-1 (a) (5) and thus to confer jurisdiction on an appellate court.

We recognize that on one hand, the text of OCGA § 5-7-1 (a) (5) (B) does not itself provide a deadline and does not explicitly

14

incorporate the deadline set forth in paragraph (a) (5) (A).  Given paragraph (a) (5) (A)'s express reference to a two-day deadline, the absence of a deadline in paragraph (a) (5) (B) could point toward the conclusion that the State faces no deadline at all for filing the certification required under paragraph (a) (5) (A).  See OCGA § 5-7-6 ("This chapter shall be liberally construed to effectuate the purposes in this chapter.").  But viewing the statute as a whole, and in light of the relevant background law, we conclude that is not so.

First, the text of OCGA § 5-7-1 (a) (5) provides indications that the paragraph (a) (5) (B) certification must be filed with or before the paragraph (a) (5) (A) notice of appeal.  That is because OCGA § 5-7-1 (a) authorizes an appeal to "*be taken*" when certain conditions are met, and paragraph (a) (5) (B) specifically authorizes an appeal only if the "prosecuting attorney certifies to the trial court that such an appeal *is not taken* for purpose of delay and that the evidence is a substantial proof of a material fact in the proceeding[.]" (Emphasis supplied.)  In ordinary legal parlance, an appeal is "taken" when the notice of appeal is filed.  See OCGA § 5-6-37 ("[A]n appeal may be

15

taken to the Supreme Court or the Court of Appeals by filing with the clerk of the court . . . a notice of appeal."); *State v. Andrade*, 298 Ga. 464, 465 n.3 (782 SE2d 665) (2016) (noting that an appeal is "taken" by filing a notice of appeal). See also *Fed. Deposit Ins. Corp. v. Loudermilk*, 305 Ga. 558, 562 (826 SE2d 116) (2019) ("[A] statute draws its meaning . . . from its text.") (citation and punctuation omitted); *Deal v. Coleman*, 294 Ga. 170, 172 (751 SE2d 337) (2013) (in interpreting a statute, "we must afford the statutory text its 'plain and ordinary meaning'") (citation omitted). It would be odd to say that the paragraph (a) (5) (B) requirement was satisfied when the certification was filed *after* the notice of appeal; in such a case, the appeal would have *already been taken*, which ignores the present-tense phrase "is not taken" contained in paragraph (a) (5) (B). And because paragraph (a) (5) (B) requires a prosecutor to certify that any (a) (5) appeal "is not taken for purpose of delay," it would similarly be odd to make such a certification after the paragraph (a) (5) (A) notice of appeal was filed — i.e., *after* the appeal was taken.

This conclusion comports with other aspects of the text and context of OCGA § 5-7-1 (a) (5), which — when viewed as a whole — demonstrate that paragraphs (a) (5) (A) and (B) are structured to promote swift review of the State's interlocutory appeals challenging the exclusion of evidence. See *Loudermilk*, 305 Ga. at 562 (explaining that "'[f]or context, we may look to other provisions of the same statute, the structure and history of the whole statute, and . . . other law'") (citation omitted). Those textual indicators include the not-less-than-thirty-days-before-trial timeframe for any motion the ruling on which serves as a predicate for an appeal under § 5-7-1 (a) (5); the two-day deadline (as opposed to the typical thirty days) under paragraph (a) (5) (A) for filing a notice of appeal; and the requirement under paragraph (a) (5) (B) that the prosecuting attorney certify that the appeal "is not taken for purpose of delay[.]"

Second, our interpretation accounts for the paragraph (a) (5) (B) requirement that certification be made "to the trial court" — not to the appellate court. This statutory language suggests that the certification should be made while the trial court has jurisdiction

17

over the case, rather than *after* a notice of appeal has been filed and the trial court is potentially divested of its jurisdiction.[9]

In the same vein, the record transmitted to the appellate court after a notice of appeal is filed normally includes only those filings made *before* the notice of appeal is filed. See OCGA § 5-6-37 (providing that as part of the notice of appeal, an appellant must designate which portions of the record are to be omitted and state whether "any transcript of evidence and proceedings" is to be transmitted as part of the record); *McHugh Fuller Law Group, PLLC v. PruittHealth-Toccoa, LLC*, 297 Ga. 94, 98 (772 SE2d 660) (2015) (explaining that a party may designate for inclusion in the appellate record "any portion of the trial court clerk's record . . . that was filed in the trial court *as of the time the notice of appeal was filed*")

---

[9] To that end, the filing of a notice of appeal by the State in a criminal case typically acts as a supersedeas that divests the trial court of jurisdiction over the matter being appealed. See OCGA § 5-6-45 (a) (providing that the notice of appeal in a criminal case "shall serve as supersedeas in all cases where a sentence of death has been imposed or where the defendant is admitted to bail"). See also *Chambers v. State*, 262 Ga. 200, 201-202 (415 SE2d 643) (1992) (holding that the State's appeal of a suppression order deprived the trial court of jurisdiction to try the accused and rendered his resulting convictions for armed robbery and other crimes void).

(emphasis supplied). And once the record is transmitted, the appellate court may act on the appeal. A paragraph (a) (5) (B) certification must be part of the record for an appellate court to confirm its jurisdiction over an appeal made under § 5-7-1 (a) (5), but for the paragraph (a) (5) (B) certification to even appear in the record considered by the appellate court — at least under circumstances where the certification was made after the notice of appeal was filed — the State would have to move the trial or appellate court to supplement the record, see OCGA §§ 5-6-41 (f); 5-6-48 (d), and would have to succeed in securing supplementation *before* the appellate court dismissed the appeal for lack of jurisdiction. We cannot say that the General Assembly meant for the appellate courts' jurisdiction over appeals taken under § 5-7-1 (a) (5) to turn on the interplay between the happenstance timing of the State's paragraph (a) (5) (B) certification, the record transmittal, and the appellate court's decision on an appeal. Indeed, allowing such whim to control the appellate process could easily result in the very delay that paragraph (a) (5) (B) is designed to protect against.

19

Finally, we again note that paragraph (a) (5) (B) requires a prosecuting attorney to certify that any appeal taken under § 5-7-1 (a) (5) "is not taken for purpose of delay and that the evidence is a substantial proof of a material fact in the proceeding[.]" Given that the State must already decide whether to seek an appeal under § 5-7-1 (a) (5) *within two days* of entry of the trial court order at issue (and presumably evaluate its potential appeal before and during that expedited timeframe), and that paragraph (a) (5) (B) merely asks the prosecuting attorney to make a one-sentence certification about facts squarely within his or her knowledge at the time the State's notice of appeal is filed, it would be inconsistent to conclude that a paragraph (a) (5) (B) certification made *after* a paragraph (a) (5) (A) notice of appeal is filed could accurately certify that the appeal is not being taken for purposes of delay.

5. *The State Failed to Comply With OCGA § 5-7-1 (a) (5) Here.*

Pretermitting whether the trial court's order was a ruling on a motion filed more than 30 days before trial, see footnote 3 above, the State satisfied OCGA § 5-7-1 (a) (5) (A) by filing a timely notice of

20

appeal. But both paragraphs (a) (5) (A) *and* (a) (5) (B) must be satisfied for the State to comply with § 5-7-1 (a). And given that the State — which filed the prosecutor's certification with the trial court more than four months after entry of the trial court order the State sought to appeal — has not satisfied the paragraph (a) (5) (B) requirement here, we lack jurisdiction over this appeal and dismiss it accordingly.

*Appeal dismissed. All the Justices concur, except Blackwell, J., who concurs in Divisions 1, 2, 3, 4 (a), and 5, and in the judgment.*

Decided October 5, 2020.

Murder. Fulton Superior Court. Before Judge Schwall.
*Paul L. Howard, Jr., District Attorney, Lauren A. Travis, Stephany J. Luttrell, Richard B. Caplan, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellant.
*Maxwell G. Schardt*, for appellee.