# Court of Appeals
# of the State of Georgia

ATLANTA, December 13, 2021

*The Court of Appeals hereby passes the following order:*

## A22A0601. THE STATE v. KELVIN KNOLTON.

After the trial court denied the State's motion to introduce evidence of other acts pursuant to OCGA §§ 24-4-413 and 24-4-414, the State filed this direct appeal. Defendant Kelvin Knolton has filed a motion to dismiss, arguing that we lack jurisdiction because the State failed to comply with the requirements of OCGA § 5-7-1 (a) (5). We agree.

OCGA § 5-7-1 (a) identifies orders in a criminal case from which the State may take an appeal. Here, the State's notice of appeal indicates that it is proceeding under OCGA § 5-7-1 (a) (5), which provides that the State may appeal from an order excluding evidence to be used by the State at trial if: (A) the State files its notice of appeal within two days of entry of the order, and (B) "The prosecuting attorney certifies to the trial court that such appeal is not taken for purpose of delay and that the evidence is a substantial proof of a material fact in the proceeding." Although the State filed its notice of appeal within two days of the order it seeks to appeal, the State failed to file its certification under OCGA § 5-7-1 (a) (5) (B) until almost a month after the order was entered, when it filed an amended notice of appeal. As the Supreme Court held in *State v. Wheeler*, 310 Ga. 72, 78 (4) (b) (849 SE2d 401) (2020), the certification required under OCGA § 5-7-1 (a) (5) (B) "must be filed before or with" the notice of appeal required under OCGA § 5-7-1 (a) (5) (A). The requirements of OCGA § 5-7-1 (a) (5) "are jurisdictional and must be satisfied to confer jurisdiction on an appellate court." *Wheeler*, 310 Ga. at 76 (3). The State's failure to comply with the requirements of OCGA § 5-7-1 (a) (5) (B) precludes us from exercising jurisdiction over this appeal. Accordingly, Knolton's motion to

dismiss is GRANTED and the appeal is hereby DISMISSED. Id. at 81 (5) (dismissing appeal for failure to comply with OCGA § 5-7-1 (a) (5) (B)).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 12/13/2021

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*