# Court of Appeals
# of the State of Georgia

ATLANTA,  May 03, 2022

*The Court of Appeals hereby passes the following order:*

**A22A0238.  IN THE INTEREST OF A. H., A CHILD.**

In January 2021, A. H. was adjudicated delinquent on the charges of aggravated assault and obstruction of police; the Child was placed "on a six-month trial release," during which time the Child was required to satisfy a number of court-ordered conditions, including completing anger-management courses, undergoing a behavioral-health assessment, and working toward a General Education Diploma. In May 2021, the Child again appeared before the juvenile court; during that hearing, the juvenile court received extensive testimony concerning the Child's "excellent" progress and "exemplary" compliance with the trial-release program.  Thereafter, the juvenile court entered an order dismissing the proceedings under OCGA § 15-11-600 (d), concluding that the Child "is not in need of treatment rehabilitation, or supervision" because the Child had "successfully completed the trial release" program. Consequently, the juvenile court released the Child from supervision and sealed the record in accordance with OCGA § 15-11-701 (a). Though the State purports to appeal the juvenile court's decision to seal the record in this matter, we agree with the Child that the State does not have a right to a direct appeal in this instance.

"In all cases of final judgments of the juvenile court, appeals shall be taken to the Court of Appeals or the Supreme Court in the same manner as appeals from the superior court." OCGA § 15-11-35. The State's right to appeal is a creature of statute, and OCGA § 5-7-1 (a) identifies the circumstances in which the State may file a direct appeal following adjudication proceedings. Cf. *State v. Wheeler*, 310 Ga. 72, 74 (1) (849 SE2d 401) (2020).  Pursuant to that statute, the State may appeal to the

appropriate court "[f]rom an order, decision, or judgment . . . dismissing any . . . petition alleging that a child committed a delinquent act." OCGA § 5-7-1 (a) (1). However, the dismissal of a juvenile delinquency proceeding pursuant to OCGA § 15-11-600 (d) following an adjudication of delinquency is not a dismissal of a delinquency petition as that phrase is used in OCGA § 5-7-1 and, thus, will not authorize a direct appeal. See *In the Interest of A. L.*, 354 Ga. App. 59, 62 (840 SE2d 148) (2020). Further, while the State may appeal "[f]rom an order . . . where the court does not have jurisdiction or the order is otherwise void," see OCGA § 5-7-1 (a) (6), nothing before this Court suggests that the juvenile court acted outside of its jurisdiction or that the order sealing the record is void. Indeed, OCGA § 15-11-701 (a) requires a juvenile court to seal the record following the "completion of the process in a case handled through *informal adjudication*, mediation, *or other nonadjudicatory procedure*." (Emphasis supplied.) Here, the Child was adjudicated delinquent, and the ultimate dismissal of the proceedings occurred only after the Child completed the trial release program.[1]

Accordingly, the State is not entitled to directly appeal the juvenile court's order in this case, and this appeal is dismissed.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,___05/03/2022_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_Stephen E. Castlen_____ , Clerk.

---

[1] While the State complains that the trial release program is "an extrajudicial procedure unmoored from the Georgia Code and Georgia Uniform Rules of Juvenile Court," the State's appeal does not challenge the trial release program or the ultimate dismissal of the delinquency proceedings against the Child.