# Court of Appeals
# of the State of Georgia

ATLANTA,  May 05, 2022

*The Court of Appeals hereby passes the following order:*

**A22D0337. IN RE ESTATE OF MARY JEAN ZUMACH, (DECEASED).**

This dispute arises from the administration of the estate of Mary Jean Zumach (the "Estate"). William Zumach, the decedent's ex-husband, filed a claim in Paulding County Probate Court as a creditor in connection with the potential sale of real property owned by him and the Estate. Following a hearing, the probate court entered an order stating, among other things, the amount William would be reimbursed from the sale of the property pursuant to the couple's 2018 divorce decree. William and the Estate's administrator, Jennifer Gillespie (the "Administrator"), filed additional motions regarding the sale of the property, and the Administrator moved for OCGA § 9-15-14 attorney fees and expenses. Following another hearing, the probate court entered an order on March 17, 2022, ordering William to pay mortgage payments on the property as long as he continued to reside there, pay $9,374.75 in attorney fees, and work with a realtor to list and sell the property. The court stated that if any party failed to comply with the order, a hearing would be held to determine if that party should be held in contempt. The court entered a certificate of immediate review on March 23, 2022, and Williams filed this application for discretionary appeal on April 13, 2022.[1] We, however, lack jurisdiction.

As a threshold matter, we note that an order of the Paulding County Probate

---

[1] William also filed a notice of appeal from the same order. See Case No. A22A1315.

Court may generally be appealed directly to the Court of Appeals.[2] However, the order must be final. See OCGA § 5-6-34 (a) (1) (appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below"); OCGA § 15-9-123 (a) (the provisions of Chapter 6 of Title 5 apply to probate appeals). Here, there is no indication that the administration of the Estate has concluded. Therefore, William was required to use the interlocutory appeal procedures to obtain review of the March 17, 2022 order. See OCGA § 5-6-34 (b).[3] Under OCGA § 5-6-34 (b), an application for interlocutory appeal must be filed within ten days of the trial court granting a timely certificate of immediate review. See *Genter v. State*, 218 Ga. App. 311, 311 (460 SE2d 879) (1995). The requirements of OCGA § 5-6-34 (b) are jurisdictional. See *State v. Wheeler*, 310 Ga. 72, 76 (3) (849 SE2d 401) (2020). Here, William filed his application 21 days after the probate

---

[2] Under OCGA § 15-9-123 (a), a party in a civil case in "probate court" shall have the right of appeal to an appellate court without first seeking review in superior court. See *Ellis v. Johnson*, 291 Ga. 127, 128, n.1 (1) (728 SE2d 200) (2012). A "probate court" is defined as "a probate court of a county having a population of more than 90,000 persons according to the United States decennial census of 2010 or any future such census[.]" OCGA § 15-9-120 (2). As of the 2020 census, Paulding County had a population of 168,661.

[3] An order awarding OCGA § 9-15-14 attorney fees generally requires an application for discretionary appeal. See OCGA § 5-6-35 (a) (10). However, where, as here, the action remains pending below, an order awarding OCGA § 9-15-14 attorney fees, too, is a non-final order requiring William to follow the interlocutory appeal procedures. See generally *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996) (party seeking appellate review from an interlocutory order that also implicates the discretionary application statute must comply with the interlocutory application statute).

court entered the certificate of immediate review. The application is thus untimely, and it is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,*  <u>05/05/2022</u>

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*