# Court of Appeals
# of the State of Georgia

ATLANTA,  August 02, 2022

*The Court of Appeals hereby passes the following order:*

**A23A0069. IN THE INTEREST OF Q. R., A CHILD.**

In this juvenile delinquency case, the State filed a motion to admit gang-related evidence at trial pursuant to OCGA § 24-4-418. The trial court issued an order denying the motion "as to the admission of the documents into evidence pre-trial solely under OCGA § 24-4-418," but ruling that the State could seek to admit the evidence at trial. The trial court explained that the motion lacked specificity as to the documents to be admitted and argument as to why they would be admissible; and OCGA § 24-4-418 (c) provides that "[t]his Code section shall not be the exclusive means to admit or consider evidence described in this Code section." The State then filed this appeal, relying on OCGA § 5-7-1 (a) (5) for its right of appeal. We lack jurisdiction.

The State does not have a right of appeal in criminal cases, except as provided by OCGA § 5-7-1 (a), which sets out the "limited instances" in which it may appeal. See *Glenn v. State*, 271 Ga. 604, 604 (1) (523 SE2d 13) (1999). "Because OCGA § 5-7-1 (a) establishes the universe of appeals the State is permitted to seek in criminal cases, if the State attempts an appeal outside the ambit of OCGA § 5-7-1 (a), the appellate courts do not have jurisdiction to entertain it." *State v. Wheeler*, 310 Ga. 72, 74 (1) (849 SE2d 401) (2020) (citation and punctuation omitted). "Appeals by the State in criminal cases are construed strictly against the State and the State may not appeal *any* issue in a criminal case . . . unless that issue is listed in OCGA § 5-7-1." *State v. Cash*, 298 Ga. 90, 91 (1) (a) (779 SE2d 603) (2015) (citation and punctuation omitted).

OCGA § 5-7-1 (a) (5) pertinently grants the State a right to appeal "an order,

decision, or judgment excluding . . . evidence to be used by the state at trial." Here, however, the trial court's order did not exclude evidence to be used by the State at trial, but simply deferred ruling on the admissibility of gang-related evidence until trial. Because no provision of OCGA § 5-7-1 (a) permits the State to appeal from such an order, this appeal must be and is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,   08/02/2022*

        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*