# Court of Appeals
# of the State of Georgia

ATLANTA,  October 26, 2022

*The Court of Appeals hereby passes the following order:*

**A23D0078. THE STATE v. CHARLES E. HATLEY.**

The State filed this application for discretionary appeal, seeking review of the trial court's order that denied the State's motion to reconsider a ruling on its motion to compel testimony.[1] However, we lack jurisdiction.

Appeals by the State in criminal cases are construed strictly against the State, and the ability of the State to appeal is limited by OCGA § 5-7-1. See *State v. Cash*, 298 Ga. 90, 91 (1) (a) (779 SE2d 603) (2015); *State v. Outen*, 289 Ga. 579, 580 (714 SE2d 581) (2011). "Because § 5-7-1 (a) establishes the universe of appeals the State is permitted to seek in criminal cases, if the State attempts an appeal outside the ambit of OCGA § 5-7-1 (a), the appellate courts do not have jurisdiction to entertain it." *State v. Wheeler*, 310 Ga. 72, 74 (1) (849 SE2d 401) (2020) (punctuation omitted).

The State claims its application is authorized pursuant to OCGA § 5-7-1 (a) (5), which pertinently permits the State to file a direct appeal from an order excluding evidence to be used by the State at trial.[2] Pretermitting whether the order denying the motion to compel testimony is one of those limited instances in which the statute permits an appeal by the State, the application is untimely.[3]

The trial court entered the order denying the State's motion to compel

---

[1] See OCGA § 24-5-507 (permitting court to order a person to testify, and providing for grant of immunity).

[2] See *State v. Andrade*, 298 Ga. 464, 466 (782 SE2d 665) (2016) ("OCGA § 5-7-1 (a) (5) is . . . understood to authorize appeals from orders excluding evidence other than the evidence with which OCGA § 5-7-1 (a) (4) is concerned.").

[3] The State filed an application for discretionary appeal rather than a direct appeal, when OCGA § 5-7-1 authorizes direct appeals by the State (as specified). Ordinarily, we will grant a timely application when the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j).

testimony on June 28, 2022. The State filed a motion for reconsideration on July 8, 2022, which the court denied on September 9, 2022. On September 27, 2022, the State filed this application.

OCGA § 5-7-1 (a) (5) (A) requires that a "notice of appeal filed pursuant to this paragraph [be] filed within two days of such order, decision, or judgment[.]" The time requirements set out in OCGA § 5-7-1 (a) (5) are jurisdictional, and compliance therewith is an absolute requirement to confer jurisdiction on an appellate court. *Wheeler*, 310 Ga. at 75 (1), 76 (3). Although the State filed a motion for reconsideration, the filing of a motion for reconsideration does not extend the time for filing an appeal, and the trial court's denial of a motion for reconsideration is not itself a directly appealable judgment. See *State v. White*, 282 Ga. 859, 860 (1) (655 SE2d 575) (2008).

The State filed its application 91 days after the trial court entered the order denying its motion to compel testimony. Thus, the application is untimely. Accordingly, this appeal is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,*  *10/26/2022*

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*