# Court of Appeals
# of the State of Georgia

ATLANTA, December 21, 2022

*The Court of Appeals hereby passes the following order:*

## A23E0020. GWINNETT COUNTY, GEORGIA v. DIPLOMAT INFRAPROP SUGARLOAF, LLC.

On December 5, 2022, the trial court denied Gwinnett County's motion for a judgment on the pleadings in an action against it filed by Diplomat Infraprop Sugarloaf, LLC. But on December 8, 2022, the trial court granted the County a certificate of immediate review to seek an interlocutory appeal of its ruling in this Court. The County's application was due ten business days later on December 19, 2022. *See* OCGA § 5-6-34 (b) (quoted below). According to the County, it attempted to file its application on that date, but inadvertently filed only the application's exhibits.[1] The next day, on December 20, 2022, the County filed a "Motion to File [an] Out of Time Application for Interlocutory Appeal or In The Alternative[,] To Have its Filed Application Deemed Timely." This Court lacks jurisdiction to grant the County's motion.

OCGA § 5-6-34 (b) provides:

Where the trial judge in rendering an order, decision, or judgment, not otherwise subject to direct appeal, including but not limited to the denial of a defendant's motion to recuse in a criminal case, certifies within ten days of entry thereof that the order, decision, or judgment is of such importance to the case that immediate review should be had, the

---

[1] Although the County asserts that it filed the application's exhibits on December 19, 2022, the docket reflects that all of the exhibits were filed on December 20, 2022. But even assuming the exhibits were filed on December 19, 2022, it is ultimately of no consequence for the reasons stated in this order.

Supreme Court or the Court of Appeals may thereupon, in their respective discretions, permit an appeal to be taken from the order, decision, or judgment *if* application is made thereto *within ten days after such certificate is granted*. (Emphasis supplied).

And this Court has held that "compliance with the applicable filing deadline [for an interlocutory appeal application] is an absolute requirement to confer jurisdiction, and we cannot grant an untimely application." *Born v. Born*, 364 Ga. App. 511, 514, 514 n.5 (874 SE2d 846) (2022); *see State v. Wheeler*, 310 Ga. 72, 76 (3) (849 SE2d 401) (2020) (holding that compliance with statutory deadlines for filing a notice of appeal *or an interlocutory application* is an absolute requirement for conferring jurisdiction upon the appellate courts of this State). Thus, we lack jurisdiction to grant the County's motion to file an untimely application for an interlocutory appeal or to deem its untimely application as having been timely filed, and the motion is hereby DENIED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 12/21/2022
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

Stephen E. Castlen       *, Clerk.*