**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**March 16, 2023**

# In the Court of Appeals of Georgia

A23A0209, A23A0210. THE STATE v. CARSWELL (two cases).

Brown, Judge.

In these two cases, the State appeals under OCGA § 5-7-1 (a) (5) from the trial court's order excluding evidence as a sanction for discovery violations. However, OCGA § 5-7-1 (a) (5) does not authorize these appeals, because the motion on which the order was based was not filed 30 days prior to the scheduled start of trial. Because no statutory provision authorizes the appeals, we dismiss them.

In Case No. A23A0209, Marquis Orlandis Carswell was charged by accusation with fleeing or attempting to elude a police officer and affixing a license plate to conceal or misrepresent identity. In Case No. A23A0210, the State filed a superseding indictment, which was based on the same incident and which charged Carswell with fleeing or attempting to elude a police officer, affixing a license plate to conceal or

misrepresent identity, two counts of obstruction of a police officer, failure to maintain lane, reckless driving, and improper lane change. Although trial of the case has not yet begun due to the State's appeals, trial had been scheduled for August 8, 2022, at all relevant times during the proceedings below.

At a calendar call on July 13, 2022, both sides announced that they were ready for trial. At a pre-trial conference on July 18, 2022, the State indicated that it had complied with discovery. Shortly thereafter, however, the State provided Carswell with additional discovery. During a conference call on July 25, 2022, the trial court granted Carswell's oral motion to exclude evidence disclosed by the State after the July 18 pre-trial conference. And on July 29, 2022, Carswell filed a written motion to exclude such evidence, pursuant to OCGA § 17-16-6.[1] On August 12, 2022, the

---

[1] OCGA § 17-16-6 provides for exclusion of evidence as a sanction for the State's failure to comply with its discovery obligations in a criminal case:

> If at any time during the course of the proceedings it is brought to the attention of the court that the state has failed to comply with the requirements of this article, the court may order the state to permit the discovery or inspection, interview of the witness, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the state from introducing the evidence not disclosed or presenting the witness not disclosed, or may enter such other order as it deems just under the

2

trial court issued an order granting Carswell's written motion, finding that the State had acted in bad faith and that its failure to timely disclose the evidence had prejudiced Carswell.[2] The State then filed these two appeals of the trial court's order, contending that it is directly appealable under OCGA § 5-7-1 (a) (5). As explained below, we disagree.

Although Carswell does not dispute this Court's jurisdiction, "[i]t is well established that this Court has a duty to inquire into its jurisdiction to entertain each appeal and review the alleged errors of the trial court." (Citation and punctuation omitted.) *State v. Petty*, 362 Ga. App. 825, 827 (870 SE2d 241) (2022). "The State does not have the right to appeal decisions in criminal cases unless there is a specific statutory provision granting the right." *State v. Caffee*, 291 Ga. 31, 33 (2) (728 SE2d 171) (2012).

> OCGA § 5-7-1 (a) sets forth the various circumstances under which the State may file an appeal, including, for example, from an order dismissing an indictment, OCGA § 5-7-1 (a) (1); sustaining a plea in

circumstances.

[2] The trial court issued its order in both the case based upon the original accusation and the case based upon the superseding indictment, and ruled that its order would be res judicata as to the use of evidence in any subsequent trial in this matter.

3

bar, OCGA § 5-7-1 (a) (3); suppressing or excluding illegally seized evidence, OCGA § 5-7-1 (a) (4); or excluding the State's evidence at trial under certain conditions, OCGA § 5-7-1 (a) (5). Because OCGA § 5-7-1 (a) establishes the universe of appeals the State is permitted to seek in criminal cases, if the State attempts an appeal outside the ambit of OCGA § 5-7-1 (a), the appellate courts do not have jurisdiction to entertain it.

(Citation, punctuation, and footnote omitted.) *State v. Wheeler*, 310 Ga. 72, 74 (1) (849 SE2d 401) (2020). "Prior to 2013, the State did not have the right to appeal pretrial evidentiary decisions, but since the Code was amended at that time, this Court has recognized that such rulings are appealable by the State under OCGA § 5-7-1 (a) (5)." (Citation omitted.) *State v. Watson*, 354 Ga. App. 263, 266 (1) (840 SE2d 641) (2020).

OCGA § 5-7-1 (a) (5) provides:

An appeal may be taken by and on behalf of the State of Georgia . . . in criminal cases . . . in the following instances:

. . .

[f]rom an order, decision, or judgment excluding any other evidence to be used by the state at trial *on any motion filed by the state or defendant*

4

*at least 30 days prior to trial* and ruled on prior to the impaneling of a jury or the defendant being put in jeopardy, whichever occurs first[.]

(Emphasis supplied.) In order for OCGA § 5-7-1 (a) (5) to apply, the State must file its notice of appeal within two days of the order, and certify to the trial court that the appeal is not taken for the purpose of delay and that the evidence is a substantial proof of a material fact in the proceeding. OCGA § 5-7-1 (a) (5) (A) & (B). "[T]he timing and certification requirements set forth in OCGA § 5-7-1 (a) (5) are jurisdictional." *Wheeler*, 310 Ga. at 73.

Here, there is no question that the State complied with the two conditions imposed by OCGA § 5-7-1 (a) (5) (A) & (B), as it filed its notice of appeal within two days of the trial court's order and provided the required certification. However, we conclude that the order was not "on any motion filed by the state or defendant at least 30 days prior to trial," because when Carswell filed his motion to exclude on July 29, 2022, trial was scheduled to start on August 8, 2022.

In *Wheeler*, the Supreme Court of Georgia left open the question of whether OCGA § 5-7-1 (a) (5) authorizes an appeal where the relevant motion is filed less than 30 days prior to the scheduled start of trial, but trial has not begun at the time of the appeal. 310 Ga. at 73 n.3 & 81 (5). In *State v. Petty*, 362 Ga. App. 825 (870 SE2d

5

241) (2022), this Court indicated in an alternative analysis that OCGA § 5-7-1 (a) (5) does not authorize such an appeal. There, the defendant filed a motion in limine the day before trial was scheduled to start, the trial court issued an order on the motion, and the State appealed before trial began. See id. at 826-827, 830. This Court held that the State could not appeal under OCGA § 5-7-1 (a) (5), because the statutory provision "requires that the motion be filed at least 30 days before trial," and the relevant motion "was filed one day before trial and the hearing on the motion in limine was held on the same day as the scheduled trial." Id. at 830.

We agree that OCGA § 5-7-1 (a) (5) does not authorize an appeal by the State where the relevant motion is filed less than 30 days prior to the scheduled start of trial, but trial has not begun at the time of the appeal. In other words, the scheduled start of trial when the relevant motion is filed determines whether the 30-day limitation in paragraph (a) (5) is satisfied. *Petty*'s recognition of this is confirmed by an analysis of the paragraph's text and operation.

"[A] statute draws its meaning from its text." (Citation and punctuation omitted.) *Fed. Deposit Ins. Corp. v. Loudermilk*, 305 Ga. 558, 562 (1) (826 SE2d 116) (2019). "[W]hen we consider the meaning of a statute, we must view the statutory text in the context in which it appears, and we must read the statutory text

6

in its most natural and reasonable way, as an ordinary speaker of the English language would." (Citation and punctuation omitted.) *State v. Andrade*, 298 Ga. 464, 466 (782 SE2d 665) (2016)."For context, we may look to other provisions of the same statute, the structure and history of the whole statute, and the other law — constitutional, statutory, and common law alike — that forms the legal background of the statutory provision in question." (Citation and punctuation omitted.) *Loudermilk*, 305 Ga. at 562 (1). "[I]n construing a statute[,] we seek to avoid a construction that makes some language mere surplusage." (Citation and punctuation omitted.) Id. at 574 (2).

OCGA § 5-7-1 (a) (5) references "any motion filed by the state or defendant at least 30 days prior to trial and ruled on prior to the impaneling of a jury or the defendant being put in jeopardy, whichever occurs first." The phrase "at least 30 days prior to trial" immediately follows and describes the "motion filed," and stands in contrast to the latter phrase "and ruled on prior to the impaneling of a jury or the defendant being put in jeopardy," which references the actual commencement of trial. "A phrase found in a statute must be gauged by the words surrounding it." (Citation and punctuation omitted.) *Nisbet v. Davis*, 327 Ga. App. 559, 567 (1) (c) (760 SE2d 179) (2014). Thus, it appears that the phrase "at least 30 days prior to trial" should be measured by the scheduled start of trial when the relevant motion is filed.

Considering the timelines for criminal appeals filed by the State, if the phrase "at least 30 days prior to trial" were interpreted to mean the actual commencement of trial, the 30-day limitation in OCGA § 5-7-1 (a) (5) would have little meaning. When the State appeals a pre-trial evidentiary ruling, it is highly likely that trial will not begin during the pendency of the appeal, because "the filing of a notice of appeal by the State in a criminal case typically acts as a supersedeas that divests the trial court of jurisdiction over the matter being appealed." *Wheeler*, 310 Ga. at 80 (4) (b), n.9; see OCGA § 5-6-45 (a) (the notice of appeal in a criminal case "shall serve as supersedeas in all cases . . . where the defendant is admitted to bail"). And "[a]lthough a notice of appeal must be filed in the trial court, the appellate court alone has the authority to determine whether such filing is sufficient to invoke its jurisdiction." (Citation and punctuation omitted.) *State v. Brown*, 333 Ga. App. 643, 646 (1) (777 SE2d 27) (2015). A trial court that begins trial during the pendency of the State's appeal of a pre-trial evidentiary ruling runs the substantial risk that the trial will be declared void. See *Chambers v. State*, 262 Ga. 200 (415 SE2d 643) (1992) (State's appeal of suppression order deprived trial court of jurisdiction to try the defendant and rendered his resulting convictions void); *Brown*, 333 Ga. App. at 643-647 (1) (State's appeal, filed under OCGA § 5-7-1 (a) (5), of order excluding

8

evidence as a sanction for discovery violations and excluding other-acts evidence, deprived trial court of jurisdiction to try the defendants and rendered their resulting directed verdicts of acquittal void).

Thus, in most cases where the State appeals a pre-trial evidentiary ruling, trial will not have begun at the time of the appeal, and the relevant motion will have been filed more than 30 days before the actual commencement of trial. If the phrase "at least 30 days prior to trial" in OCGA § 5-7-1 (a) (5) were interpreted to mean the actual commencement of trial, the State could appeal in almost all cases where it files an appeal of a pre-trial evidentiary ruling on a motion that is filed at any point prior to the commencement of trial. Such an interpretation would almost render meaningless the 30-day limitation established in paragraph (a) (5). Because this paragraph "is focused on timeliness, and indeed on expedition," *Wheeler*, 310 Ga. at 77 (4) (a), we reject such an interpretation.

> Unlike the nine other paragraphs contained in OCGA § 5-7-1 (a), paragraph (a) (5) includes multiple specific timing requirements, including that the State must file an appeal from a qualifying trial court order "excluding any other evidence to be used by the state at trial on any motion filed by the state or defendant *at least 30 days prior to trial* and ruled on prior to the impaneling of a jury or the defendant being put in jeopardy, *whichever occurs first*." Also unlike the other nine

9

paragraphs, which under OCGA § 5-6-38 (a) allow the State to file a notice of appeal within 30 days of entry of the relevant trial court order, the State's appeal under paragraph (a) (5) may be taken *only if* the notice of appeal is filed "within two days of such order."

(Citations and footnotes omitted; emphasis in original.) Id. at 77-78 (4) (a).

Here, when Carswell filed his motion to exclude on July 29, 2022,[3] trial was scheduled to start on August 8, 2022. Thus, the trial court's order was not based on a motion filed at least 30 days prior to the scheduled start of trial under OCGA § 5-7-1 (a) (5). Because no other statutory provision authorizes these appeals, they must be dismissed.

*Appeals dismissed. McFadden, P. J., and Markle, J., concur.*

---

[3] The 30-day period in OCGA § 5-7-1 (a) (5) is measured from the time a written motion is "filed." See *State v. Battle*, 344 Ga. App. 565, 565-568 (1) (812 SE2d 1) (2018).