# Court of Appeals
# of the State of Georgia

ATLANTA, May 11, 2023

*The Court of Appeals hereby passes the following order:*

**A23I0203. BRIGHT-MEYERS DUBLIN ASSOCIATES, LP v. MARIE GILLIS.**

Marie Gillis filed a personal injury action against several entities, including Bright-Meyers Dublin Associates, LP ("Bright-Meyers"). Bright-Meyers filed a motion for summary judgment, which the trial court denied on March 29, 2023.[1] On April 7, 2023, the trial court entered a certificate of immediate review. Bright-Meyers filed this application for interlocutory appeal on April 18, 2023. We lack jurisdiction.

To obtain appellate review of an interlocutory order, a party must follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b), including obtaining a certificate of immediate review within ten days of the order and filing an application within ten days of the certificate. See *Genter v. State*, 218 Ga. App. 311, 311 (460 SE2d 879) (1995). The statutory requirements for interlocutory review are jurisdictional. *State v. Wheeler*, 310 Ga. 72, 76 (3) (849 SE2d 401) (2020).

Here, Bright-Meyers filed its application 11 days after the trial court entered the certificate of immediate review. Accordingly, we lack jurisdiction to consider this application for interlocutory appeal, which is hereby DISMISSED.

---

[1] On the same day, in a separate order, the trial court denied a motion for summary judgment filed by defendant American Multi-Cinema, Inc. That ruling is also being appealed. See Case No. A23I0197.



*Court of Appeals of the State of Georgia*

   *Clerk's Office, Atlanta,* 05/11/2023

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen* , *Clerk.*