**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 13, 2023**

# In the Court of Appeals of Georgia

A23A0776. THE STATE v. JACKSON et al.

MCFADDEN, Presiding Judge.

The state brought this direct appeal under OCGA § 5-7-1 (a) (5), challenging a trial court order excluding evidence that the state sought to use at trial. But the trial was scheduled to occur less than 30 days after the motion to exclude the evidence was filed. And it is a prerequisite to a direct appeal under that Code section that the motion have been filed at least 30 days prior to trial. The state does not assert any other provision authorizing the appeal. So we lack jurisdiction and must dismiss the appeal.

OCGA § 5-7-1 (a) sets forth the limited instances under which the state may bring a direct appeal in a criminal case. Subsection 5-7-1 (a) (4), which precedes the subsection on which the state relies here, authorizes the state to appeal from a

narrowly defined set of rulings excluding evidence — provided the motion is "made and ruled upon prior to the impaneling of a jury or the defendant being put in jeopardy, whichever occurs first[.]" That is:

> From an order, decision, or judgment suppressing or excluding evidence illegally seized or excluding the results of any test for alcohol or drugs in the case of motions made and ruled upon prior to the impaneling of a jury or the defendant being put in jeopardy, whichever occurs first[.]

OCGA § 5-7-1 (a) (4).

The subsection (a) (5), on which the state relies here, authorizes appeals from a broader set of rulings, but subject to stricter time limits — including that the motion have been filed at least 30 days prior to trial. That is:

> From an order, decision, or judgment excluding any other evidence to be used by the state at trial on any motion filed by the state or defendant at least 30 days prior to trial and ruled on prior to the impaneling of a jury or the defendant being put in jeopardy, whichever occurs first, if:
>
> > (A) Notwithstanding the provisions of Code Section 5-6-38, the notice of appeal filed pursuant to this paragraph is filed within two days of such order, decision, or judgment; and

(B) the prosecuting attorney certifies to the trial court that such appeal is not taken for purpose of delay and that the evidence is a substantial proof of a material fact in the proceeding[.]

OCGA § 5-7-1 (a) (5).

We considered this language in *State v. Carswell*, 367 Ga. App. 293 (885 SE2d 813) (2023) and held that "the scheduled start of trial when the relevant motion is filed determines whether the 30-day limitation in paragraph (a) (5) is satisfied." Id. at 296.

The relevant motion in this case was filed on November 21, 2022. At that time, the trial was scheduled to start on November 28, 2022, less than 30 days later. So, as in *Carswell*, the state cannot directly appeal the trial court's order under OCGA § 5-7-1 (a) (5) and we lack jurisdiction over this appeal. See *Carswell*, 367 Ga. App. at 298. See also *State v. Wheeler*, 310 Ga. 72, 74 (1) (849 SE2d 401) (2020) ("if the [s]tate attempts an appeal outside the ambit of OCGA § 5-7-1 (a), the appellate courts do not have jurisdiction to entertain it") (citations and punctuation omitted).

The state argues that *Carswell* is inapplicable here because, after the trial court ruled to exclude the evidence, the trial court ordered that the trial be continued. We

are not persuaded. The record shows that the trial court ordered the continuance simply because the state had already announced its intention to appeal the evidentiary ruling and the trial court recognized this could deprive the trial court of jurisdiction to proceed with the trial. See generally *Gonzales v. State*, 315 Ga. 661, 664 (1) (a) & n. 5 (884 SE2d 339) (2023) (even though an unauthorized notice of appeal does not deprive the trial court of jurisdiction, the question of whether or not a notice of appeal was authorized is determined by the appellate court and a trial court acts at its peril following the filing of a notice of appeal). As we held in *Carswell*, the language of OCGA § 5-7-1 (a) (5) permits a direct appeal if there are more than 30 days between the filing of the motion to exclude evidence and the scheduled start of trial, even if no trial actually occurs. *Carswell*, 367 Ga. App. at 297-298. Nothing in the statute suggests that a different rule should apply if the reason the trial did not occur is because the trial court granted a continuance while the state attempted to appeal the evidentiary ruling. See *Johnson & Johnson v. Shiver*, 361 Ga. App. 677, 681 (864 SE2d 283) (2021) ("We cannot by construction add to, take from, or vary the meaning of unambiguous words in a statute.") (citation and punctuation omitted).

Because we lack appellate jurisdiction, we must dismiss the appeal.

4

*Appeal dismissed. Brown and Markle, JJ., concur.*