# Court of Appeals
# of the State of Georgia

ATLANTA,  April 11, 2024

*The Court of Appeals hereby passes the following order:*

**A24I0155.  STEVEN NOEL TURNER v. THE STATE.**

Steven Noel Turner was indicted on numerous charges related to a shooting, as well as drug possession and manufacturing. The drug charges were severed, and the matter proceeded to a jury trial on the shooting charges. In October 2022, a jury found Turner guilty of criminal attempt, aggravated battery, aggravated assault, and possession of a firearm during the commission of a crime. Following his conviction, Turner filed a motion for new trial. While the motion for new trial was pending, the drug charges were placed on the dead docket. On November 30, 2023, the trial court denied Turner's motion for new trial. Turner filed a direct appeal from the denial of the motion for new trial, but the case was remanded to the trial court so that the matter could proceed by interlocutory appeal. See Case No. A24A1039 (Mar. 14, 2024). On March 18, 2024, the trial court entered a certificated of immediate review, and Turner thereafter filed this interlocutory application, seeking review of his criminal conviction. We lack jurisdiction.

In *Seals v. State*, 311 Ga. 739, 741-747 (2)-(3) (860 SE2d 419) (2021), disapproved on other grounds in *Gonzales v. State*, 315 Ga. 661, 664 (1) (b) (884 SE2d 339) (2023), the Supreme Court of Georgia held that a criminal defendant cannot appeal his conviction without filing an interlocutory application when the trial court has placed any count of the indictment on the dead docket. See, e.g., *Spears v. State*, 360 Ga. App. 776, 777 (861 SE2d 619) (2021) (dismissing an appeal under *Seals*).

In his application, Turner asserts that the parties have "agreed to interlocutory review" because the drug charges remain pending. However, under OCGA § 5-6-34

(b), a party may request interlocutory review only if the trial court "certifies within ten days of entry" of the order at issue that immediate review should be had. Importantly, obtaining a certificate of immediate review within ten days of entry of the trial court's order is a jurisdictional requirement. *State v. Wheeler*, 310 Ga. 72, 76 (3) (849 SE2d 401) (2020). Here, the certificate of immediate review was entered 109 days after the trial court entered its order denying Turner's motion for new trial, and the application materials contain no subsequently-entered trial court order. Because the certificate of immediate review was not issued within ten days of any trial court order in the application materials, we lack jurisdiction to consider this application.[1] Accordingly, it is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __04/11/2024_____

　　　　*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

　　　　*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] Because the case remains pending in the trial court, Turner may seek to have the trial court vacate and re-enter its order denying his motion for new trial and the certificate of immediate review.